# MARCH, 1924

HENRY BELCHER v. THE STATE.

No. 8092. Decided January 16, 1924.

Rehearing denied March 5, 1924.

1.—Unlawful Manufacture of Intoxicating Liquor—Sufficiency of the Evidence—Indictment.

Where, upon trial of unlawfully manufacturing liquor, the indictment is sufficient and the evidence supports the conviction, there is no reversible error. Following Russell v. State, 88 Texas Crim. Rep., 518, and other cases.

2.—Same—State and Federal Law.

The State law prohibiting the manufacture of intoxicating liquors, except for certain named purposes, embraced in article 588¼ P. C. is not rendered invalid by the Federal statutes upon the same subject. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

3.—Same—Special Venire—Ku Klux Klan—Bill of Exceptions.

While, under article 649 C. C. P., the right to exercise a peremptory challenge jurors may be examined on their voir dire as to politics, religion, etc., as a predicate for peremptory challenge, yet where the bill of exceptions was defective in not being sufficiently certified, there is no reversible error. Following Wilson v. State, 87 Texas Crim. Rep., 629, and other cases.

4.—Same—Rehearing—Bill of Exceptions.

The bill of exceptions under discussion contains a certificate of the trial judge that he does not certify that the proceedings set out in the bill were had, nor does he certify that any of the matters alleged therein are true, nor that there was any basis for supposing them to be true, the same could not be considered, and there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant—Cited: Tyson v. State, 14 Texas Crim. App., 388; Hinton v. State, 65 Texas Crim. Rep., 408; Jones v. State, 33 id., 8.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, and *Shelby S. Cox*, District Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence supports the verdict. The indictment is like that held sufficient in Russell v. State, 88 Texas Crim. Rep., 582; Stringer v. State, 92 Texas Crim. Rep., 46.

The statute prohibiting the manufacture of intoxicating liquor, except for certain named purposes embraced in Article 588¼, P. C., is not rendered invalid by the United States statute upon the same subject. Ex parte Gilmore, 88 Texas Crim. Rep., 529.

Appellant presented a bill of exceptions to the trial judge, complaining that he had been denied the privilege of ascertaining from the members of the venire whether they were members of the order known as the Ku Klux Klan. The judge made upon it this indorsement:

"The Court does not certify that the above proceedings were had, nor does the Court, certify that any of the matters alleged therein are true, nor that there was any basis for supposing them to be true."

A peremptory challenge is defined as "a challenge made to a juror without assigning any reason therefor." Article 609, C. C. P. The right to exercise a peremptory challenge confers upon the accused the right to "give effect to his natural impulse to eliminate from the jury-list, not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons who, by reason of politics, religion, environment, association or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted." Kerley v. State, 89 Texas Crim. Rep., 199, and authorities cited. As a predicate for such action, the accused may, by proper interrogation, elicit facts which will enable him to intelligently exercise his right of challenge. "This must, of course, within reasonable limits, be determined under the facts of the particular case by the trial judge. His discretion in the matter, however, has limitations, and, when abused, will be corrected upon appeal." Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W. Rep., 1073, and cases there cited. In the present case, however, the record brings forward for review no rulings of the trial court in conflict with the statute and practice mentioned. It appears only that a bill of exceptions was presented and that the court, for the reasons stated, did not allow it. The reasons given in the certificate are certainly sufficient to justify such action. From the certificate it appears that the proceedings recited in the bill did not take place. Conceding

this to be true, there was no occasion for the judge to file a bill of exceptions in lieu of the one presented. If the appellant regarded the certificate as untrue, a bystander's bill was available to him. The reason and authorities in the opinion of Judge Lattimore, speaking for this court in Wilson's case, 87 Texas Crim. Rep., 629, are applicable to the present case. See also Shaw v. State, 89 Texas Crim. Rep., 205, 229 S. W. Rep., 511.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

## March 5, 1924.

LATTIMORE, JUDGE.—Appellant insists that the court below can not approve a bill in such manner as to destroy it, it being contended that this was done to appellant's bill of exceptions No. 3. We do not think so. It is incumbent upon him who by a bill of exceptions complains of any action of the court below, to so prepare his bill as to make apparent, not only his complaint but also the truth of the facts upon which such complaint rests. It has always been the rule of this court that it is not enough to state mere grounds of objections, or that questions were asked the answers to which were rejected. The truth of the matters set up as objections, and the facts making competent and material the question rejected, must appear from the averments of the bill itself. The particular bill of exceptions under discussion contains the certificate of the trial judge that he does not certify that the proceedings set out in the bill were had, nor does he certify that any of the matters alleged therein are true, nor that there was any basis for supposing them to be true. We do not think this to be within the rule laid down by any of the cases cited by appellant in his motion. On the point that the bill was thus qualified without the knowledge or consent of appellant, we note that the bill of exceptions was filed on the 8th of May, 1923, and that appellant had sixty days from the 29th of March of said year in which to file his bills of exception. It is evident that this bill with the above qualification attached was on file in the office of the district clerk of Dallas County several weeks before the expiration of the time and no effort appears to have the qualification corrected or removed, nor was any complaint made during the trial term of the refusal of the court to allow a bystanders bill, nor in any legal way to bring before us a review of the court's action in appending said qualification. In this condition of the record we think the original opinion of this court correct in its disposition of the complaint.

The motion for rehearing will be overruled.

*Overruled.*