### J. A. KINCAID V. THE STATE.

No. 9842.   Delivered February 17, 1926.

Rehearing denied March 24, 1926.

**1.—Sale of Intoxicating Liquor—Voir Dire Examination—No Error Shown.**

Where, on a trial for the sale of intoxicating liquor, appellant having filed an application for a suspended sentence, was not permitted to ask each juror on his voir dire examination the question, "In deserving cases, where the defendant in the case comes within the purview of the suspended sentence law and shows himself deserving, would you be willing in such a case to grant him a suspended sentence?" All of such jurors having answered in reply to other questions that they had no prejudice against the suspended sentence law, or its application, there was no error in refusing to allow the question.

2.—Same—Continued.

As a general rule great latitude should be allowed a party interrogating a venire in order to enable his counsel to exercise his right of peremptory challenges, and this court does not look with favor on any unreasonable limitation of this right. In the instant case, however, we think that the question asked was of doubtful propriety, in that it called for a conclusion of the talesman. See Reich v. State, 94 Tex. Crim. Rep. 449; Belcher v. State, 96 Tex. Crim. Rep. 562.

ON REHEARING

3.—Same—Evidence—Held Sufficient.

On rehearing we are unable to alter our views expressed in our original opinion, and this being a case where appellant entered a plea of guilty, and the only complaint presented by him being based on the failure of the jury to grant him a suspended sentence, the motion is overruled.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. P. Chastain* of Hamlin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful sale of intoxicating liquor and the punishment is one year in the penitentiary.

The record discloses that the appellant entered his plea of guilty to the offense charged and filed an application for a suspended sentence. The only question requiring serious consideration is his complaint at the court's action in refusing to permit him to ask the veniremen on their voir dire the following questions:

"In deserving cases where the defendant in the case comes within the purview of the suspended sentence law and shows himself deserving, would you be willing in such cases to grant a suspended sentence?"

This question was asked each of the jurors and the state's objection to the same was sustained. In qualifying the bill of exceptions, however, the trial court states that the defendant was permitted to ask each juror on his voir dire as to his prejudice, if any, to the suspended sentence law, or its application, and each juror was permitted to answer the same. No

juror sat in the case who did not say that in some cases he would give a suspended sentence.

Our statute defines a peremptory challenge as one made to a juror without assigning any reason therefor.  Art. 614, 1925 C. C. P., O. C. 690.  As a predicate for a challenge for cause the accused may by proper interrogation, elicit facts which will enable him to intelligently exercise his right of challenge. Belcher v. State, 96 Tex. Crim. Rep. 562.  "This must, of course, within reasonable limits, be determined under the facts of the particular case by the trial judge.  His discretion in the matter, however, has limitations, and, when abused, will be corrected upon appeal."  Reich v. State, 94 Tex. Crim. Rep. 449, 251 S. W. 1073.  As a general rule great latitude should be allowed a party interrogating a venire in order to enable his counsel to determine the desirability of exercising on the members thereof his right of peremptory challenge, and this court does not look with favor on any unreasonable limitation of this right.  In the instant case, however, we think that the question asked was of doubtful propriety in that it clearly called for a conclusion of the talesman, and, in any event, it seems that practically the same question was asked and answered by each of the jurors in the case, and the record also fails to show that the appellant was in any wise prevented from asking any other question concerning the attitude of the jurors toward the suspended sentence law.  Under this condition of the record, we hold that the court did not abuse his discretion in refusing to permit the question above stated to be asked.

We have carefully considered the other complaints urged by appellant at the action of the court but in view of the fact that a plea of guilty was entered and the lowest penalty was assessed under facts amply supporting the verdict, we think no reversible error is shown.

The judgment of the trial court is therefore in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Appellant presents the same question which was considered by the court on the original

hearing, contending that in restricting his examination of the veniremen as shown in the original opinion, the court committed error.

Our re-examination of the matter leaves us of the opinion that the proper conclusion was reached on the original hearing.

The motion is overruled.