### EDGAR KING V. THE STATE.

No. 11300.    Delivered February 6, 1928.

Rehearing denied March 14, 1928.

1.—Possessing Intoxicating Liquor — Evidence — Reflected in a Mirror — Properly Admitted.

Where, on a trial for the possession of intoxicating liquor, for the purpose of sale, the testimony of a prohibition officer as to the conduct and acts of appellant, and a purchaser of whiskey from him, as viewed by the officer in its reflection in a mirror, though not seen by the direct optical perception of the officer, was properly admitted in evidence.

**2.—Same—Continued.**

The evidence detailing the reflection of a mirror would seem to be admissible upon the principle which sanctions the introduction of photographs and moving pictures. See Wigmore on Ev. (2nd Ed.), Vol. 2, p. 107, also Zuccaro v. State, 82 Tex. Crim. Rep. 8.

ON REHEARING.

**3.—Same—Evidence—Scene Viewed in Mirror—Is Not Expert Testimony.**

Testimony of state's witness as to seeing a sale made of a bottle of whiskey by appellant, as it was reflected in a mirror, did not involve expert testimony. There is nothing in the power to look into an ordinary mirror and see the movements of persons therein reflected, which calls for any expertness to entitle the witness to testify to what he saw. It is within the common knowledge of every individual that one can look into a mirror and observe the movements of other people when they are reflected in the mirror.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*W. Lindsay Bibb* of Corsicana, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

The state's testimony, in substance, was this: Wolverton, a federal prohibition enforcement officer, possessing the names of persons in Corsicana thought to be engaged in violation of the laws prohibiting the traffic of intoxicating liquor, and knowing that whiskey was being sold at a certain grocery store, entered the place and sought to purchase whiskey from the appellant. A number of persons were present and drinking whiskey, but appellant declined to sell any to the witness, stating that as he was unknown to the appellant the witness would have to get someone with whom appellant was acquainted to make a purchase; that so many persons were coming in that one must be careful. The witness left the place, and after obtaining a small mirror, returned and entered into a conversation with two old gentlemen. One of these men was a frequenter of the place, and agreed to purchase a half-pint of whiskey for the witness. The old man was furnished with a

dollar, and after a private conversation with appellant the two went to a place in the building behind a partition. The witness adjusted his mirror so that he could observe the movements of the appellant and the old man. The witness, by the reflection in the mirror, saw the old man hand the appellant a dollar and receive the bottle of whiskey, which the old man later delivered to the witness.

There was an issue touching the identity of the appellant and much cross-examination of the state's witness.

To that part of the testimony of the witness Wolverton which disclosed his observation of the transaction as reflected in the mirror objection was made, and the ruling preserved by a bill of exceptions in which the grounds of objection are thus stated:

"Because such evidence was secondary, and not the best evidence, but the mere conclusions of an inexpert witness, the state's witness, Wolverton, not having qualified as an expert on mirrors, reflections and angles. And, having failed to produce the magic little mirror so that the jury could have the actual alleged facts presented and illustrated, such evidence amounted to opinions and pure deductions of the witness, and was highly prejudicial to the rights of the defendant."

The bill might be disposed of by the statement that the quotation is but grounds of objection, as there is contained in the bill no recital touching the knowledge of the witness as an expert on mirrors, or the reflections and angles thereof. See Davis v. State, 96 Tex. Crim. Rep. 447; Belcher v. State, 96 Tex. Crim. Rep. 561; Welk v. State, 96 Tex. Crim. Rep. 653; Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, Art. 667, Note 23, p. 368. The evidence detailing the reflection of a mirror would seem admissible upon the principle which sanctions the introduction of photographs and moving pictures. See Wigmore on Evidence (2nd Ed.), Vol. 2, p. 107, Sec. 798; also Zucarro v. State, 82 Tex. Crim. Rep. 8, in which there are quoted the remarks of Associate Justice Holmes in a decision of the Supreme Court of the United States, referring to an encroachment of the copyright of Ben-Hur by a moving picture. The court said:

"Action can tell a story, display all the most vivid relations between men, and depict every kind of human emotion, without the aid of a word. It would be impossible to deny the title of drama to pantomime as played by masters of the art. * * * But if a pantomime of Ben-Hur, it would be none the less so that it was exhibited to the audience by reflection from a glass, and not by direct vision to the figures—as sometimes has

been done in order to produce ghostly or inexplicable effects. The essence of the matter in the case last supposed is not the mechanism employed, but that we see the event or story lived. The moving pictures are only less vivid than reflections from a mirror. With the former as with the latter, our visual impress —what we see—is caused by the real pantomime of real men through the medium of natural forces, although the machinery is different and more complex."

We will add that aside from the testimony of which complaint is made, the evidence is quite sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an urgent motion insisting that our opinion was wrong in holding admissible the testimony of the state witness who said that he saw appellant make the sale in question, by observing the movements of the parties in a mirror. He also insists that the evidence is not sufficient to support the conclusion. Appellant's contention is that before the state witness could testify that he saw appellant making the sale in question, by looking in a mirror, he would have to qualify as an expert. We are not in accord with this proposition. Webster's International Dictionary defines an expert as one who has skilled experience, or extensive knowledge in his calling, or in any special branch of learning. We perceive nothing in the power to look into an ordinary mirror and see the movements of persons therein reflected, which calls for any expertness before the witness can be permitted to testify to what he saw. To say that one in such case would have to be able to understand scientifically the laws and rules of angles, and refractions and reflections, or that he must have shown himself to have had long experience in looking in mirrors, as a predicate for his testimony, has no appeal to us. It is within the common knowledge of every individual that one can look into a mirror and observe the movements of other people, if they also move before the same mirror. In this case the state witness testified that after appellant refused to sell him whiskey because he was a stranger, witness went and got another person better known to appellant, to go with him to appellant's place. He said that he sent the other person in to make the purchase, and held a mirror in such position as that he could observe the movements of appellant and the other party. From this vantage point he saw appellant hand to said

third party a bottle of whiskey and receive from said third party the money therefor. We are not able to agree with appellant's contention.

The motion for rehearing will be overruled.

*Overruled.*