H. M. LIVINGSTON V. STATE.

No. 24038. May 12, 1948.
Appellant's Motion for Rehearing Granted October 13, 1948.

Hon. S. H. Sanders, Judge Presiding.

*E. B. Lewis,* of Center, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a term of five years.

The indictment contained two counts the first of which charged that the accused committed the offense by the use of firearms, a pistol. In the second count, it was charged that he committed the offense by an assault and by violence and by putting the said Joe Gardner in fear of life and bodily injury. The court submitted the case to the jury on the first count.

The statement of facts shows that appellant, Lewis Davis, and Joe Gardner, the injured party, engaged in a crap game. The injured party testified that he was lucky and won while appellant lost all of his money; that appellant accused him and Lewis Davis of using crooked dice on him; that appellant cursed him, struck him with a pistol and took all of the money he had at the time he engaged in the game as well as the money he had won in the game and then departed leaving the injured party lying unconscious in the woods; that about dark he regained consciousness, went into town and reported the matter to the sheriff. E. B. Sanford, Jr., a boy who was present but who did not participate in the game, testified that after appellant had lost, he, at the instance and request of appellant, left the game a short time, went to appellant's place of business and got a box which contained a pistol and brought it to appellant. He further testified that appellant accused Lewis Davis and the injured party of trying to crook him, but that they could not do it. Davis denied this accusation, and then appellant arose, took his gun and hit the negro (meaning Gardner) and told him, Gardner, to give him his money back. At this juncture, the witness walked away and as he was walking away he heard him hit the negro and heard him say, "I will kill you, you s-- of a b---- if you don't give me my money," to which the negro replied, "I will give it to you." After he, the witness, appellant and Davis got back to town, appellant gave Davis seven dollars and fifty cents.

Appellant took the witness stand and testified in his own behalf. He admitted that he engaged in a dice game with the negro, Joe Gardner, and Lewis Davis; that he lost in the game but denied that he assaulted and robbed Gardner. He claims that Gardner and Davis used crooked dice on him and when he discovered it he only took the money which he had lost in the game. He admitted, however, that when he arrived at home he had more money than he took to the game.

Appellant claims that the court erred in overruling his motion to quash the indictment because the same did not sufficiently describe the property alleged to have been taken. It was charged in the indictment that appellant took sixty-one dollars in lawful money, the same being the corporeal property of Joe Gardner, etc. This was a sufficient description of the property taken. See William Lee Bledsoe v. State, No. 23,921 on the docket of this court, 151 Texas Crim. Rep. 575, where the question under consideration is fully discussed.

Appellant next complains of the action of the trial court in overruling his second application for a continuance based on the absence of one Jack Willis. The bill bringing this matter forward is qualified by the trial court who in his qualification states that it was appellant's second application for a continuance; that the claimed testimony of said witness was cumulative. Appellant accepted the bill as qualified and is bound thereby. The bill as thus qualified fails to reflect any error.

By Bills of Exception Nos. 4 and 5 he complains of the action of the trial court in declining to sustain his motion made at the close of the state's evidence to instruct the jury to return a verdict of not guilty and again at the close of all the testimony he requested a peremptory instruction to the same effect. We see no error in the court's ruling since there was sufficient evidence as a predicate upon which the jury could base a verdict of guilty.

The State's Attorney has requested this court to strike out and not consider Bills of Exception Nos. 6, 7, 8, and 9 because they are in question and answer form and not in conformity with Art. 667, C. C. P. This court has many times held that bills of exception in question and answer form will not be considered unless the court certifies that it is necessary that they be in such form. See Austin v. State, 187 S. W. (2d) 222; Green v. State, 144 Tex. Cr. R. 40, (160 S. W. (2d) 940); De Leon v. State, 201 S. W. (2d) 816; and many other cases might be cited.

By Bill of Exception No. 10 he complains because he was not permitted to prove by one A. W. Ballard certain statements allegedly made to said witness by Lewis Davis, one of the participants in the game. This bill is qualified by the court and in his qualification states that Lewis Davis was summoned by both the defendant and the state; that he was in attendance at court but was not called by either party as a witness; that the con-

versation sought to be proved occurred some two hours after the alleged robbery. Appellant accepted the bill as qualified by the court. The bill as qualified fails to reflect any error. Whatever Davis may have told Ballard two hours after the alleged robbery was hearsay and subject to the state's objection.

The trial court refused to permit appellant, in his examination of the prospective jurors, to propound to each the following question:

"Do you consider it as much law enforcement for the jury to acquit one thought to be innocent as to convict one believed to be guilty?"

Appellant insists that he was entitled to propound said question to enable him to intelligently exercise his peremptory challenges. The question propounded did not relate to any matter which would constitute a disqualification of the prospective juror, or a challenge for cause. It is the well established rule of law that an accused may by proper interrogation and within reasonable limits elicit facts enabling him to intelligently exercise his peremptory challenges. See Belcher v. State, 96 Tex. Cr. R. 561 (258 S. W. 815) ; and Welk v. State, 96 Tex. Cr. R. 653 (260 S. W. 1118). The action of the trial court, however, as to such matters, is reviewable only to a determination of whether or not the trial court abused the discretion lodged in him. The bill of exception presenting this matter contains no certificate whereby it might be said that appellant was injured in this matter. In the light of the record as a whole, we are unable to reach the conclusion that an abuse of the trial court's discretion is shown.

Appellant also complains of the court's action in declining to heed and respect his objections to the charge. His first objection is addressed to paragraph seven of the court's charge because the court failed to charge that if the jury believed Joe Gardner and Lewis Davis, either acting together or alone, or either of them, obtained defendant's money in a dice game by the use of crooked dice to acquit him. This was not a proper application of the law to the facts since the proof shows that appellant took more money from the injured party than he lost in the game. Consequently, the objection is not well founded. Under the instruction as requested by appellant, he would have been entitled to an acquittal regardless of the amount of money he took in excess of that which he lost in the game. This is not the law. See Johnson v. State, 207 S. W. (2d) 392.

A number of other objections were addressed to the court's charge. Without discussing each objection at length, we deem it sufficient to say that we have examined the charge in the light of the objections and have reached the conclusion that the court gave a fair and adequate instruction on the law applicable to the facts of the case.

Bill of Exception No. 13 complains of certain remarks by the district attorney in his opening argument to the effect that appellant did not introduce his Navy Service Record. This was true, he testified relative to his discharge from the navy but did not introduce his service record. However, the court in his qualification of the bill states that he sustained appellant's objection and instructed the jury not to consider the same. The bill as thus qualified, in our opinion, fails to show any error since it violated no mandatory provision of the statutes nor was it obviously hurtful. However, we do not wish to be understood as holding that it was not a proper discussion of his testimony relative to his service and his discharge from the navy.

By Bill of Exception No. 14, he also complains of the following remarks by the district attorney in his argument to the jury, to-wit: "I wonder what about the 1141 days the defendant was absent from the Army." This bill is also qualified by the court who states in his qualification that he did not recall such statement being made by the district attorney. Appellant undertook to except to the court's qualification but the exception is not certified by the court. In the absence of the court's signature to the exception of the qualification, this court will consider the bill as qualified. See Duffer v. State, 136 Tex. Cr. R. 199; and Lee v. State, 136 Tex. Cr. R. 179. The bill as qualified fails to reflect any error. See Johnson v. State, 147 S. W. (2d) 811, where the subject is discussed on a motion for rehearing. However, the bill fails to state that there was not any basis in the evidence for the statement complained of, nor was it a reasonable deduction from any evidence. A bill of exception complaining of argument should negative the existence of any basis in the evidence for the argument so that the bill itself will disclose the error, if any. See Clowers v. State, 146 Tex. Cr. R. 1 (171 S. W. (2d) 143).

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In our original opinion we accepted the statement of the trial judge that appellant's motion for continuance was a second motion, and as such it was properly overruled by the court. Upon further investigation it is revealed that when the case was called on the 24th day of November, 1947, the defendant made his first motion for continuance which was by the court overruled. At this time the court was engaged in the trial of another case. When that case was concluded the trial court, on the same day, again called the case involved in this appeal and the matter was presented to him in an identical motion. This he overruled and referred to it as his second motion. Appellant had received no benefit from the motion filed by him and the State had not changed its position because of it.

We think this was re-presenting the same motion and that it stands before us now in the position of a first motion. As such, it should have been granted. We quote from said motion the following:

"This is a second application, but in fact the first, as the cause was called and the defendant granted leave to file his motion for continuance, and when the same was prepared, and before filing the Court was engaged in the trial of another case, but read the same and indicated he would overrule the same, and before this cause was called for trial, this motion was prepared, and now presented to the Court, which in reality makes this his first application for continuance, as the defendant has never announced in this cause."

However the matter may be viewed, the "First Motion" was overruled and the error thus committed is brought forward for our consideration.

As stated in the original opinion, several bills of exception are not considered in this appeal. In the event of another trial, however, we caution against the admission of evidence of transactions which have no relationship to the offense for which the prosecution is had.

We think, too, that the defendant's testimony raises a question as to whether or not he took any money other than that which he claimed belonged to him. His defense on this issue should be submitted to the jury.

Appellant's motion for rehearing is granted. The cause is now reversed and remanded for a new trial.