## ROBERT GRIZZELL V. STATE

No. 28,480. November 21, 1956.
Appellant's Motion for Rehearing Overruled
February 13, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) March 6, 1957.

*Alex P. Pope,* Tyler, for appellant.

*Harry Loftis,* Criminal District Attorney, *R. S. Burruss,* Assistant Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is statutory rape; the punishment, 15 years in the penitentiary.

The state's testimony shows that the appellant married the mother of the prosecutrix about six years before the return of the indictment in this case and that the prosecutrix and a younger half-sister had lived with them during this time. The proof shows that the prosecutrix was fourteen years of age at the time of the trial of this case.

The prosecutrix testified that her mother worked most of the time and the appellant operated a business where she went almost daily. She further testified that on November 7, 1955, she went with the appellant to take an employee who lived in the country home after work hours, that on their return the appellant stopped the automobile, placed his private parts in hers and had intercourse with her, and that he had sexual intercourse with her frequently for the past two years. She also stated that she had not told of his conduct with her because she was afraid of him as he had told her he would kill her and her mother if she did and that she told her mother for the first time on November 17, and they then went to the district attorney's office.

The state introduced appellant's written statement in evi-

dence wherein he stated that at a time when he and the prosecutrix had taken an employee home from work that he had sexual intercourse with the prosecutrix; that he used a "rubber" and threw the empty package away, and identified an empty package shown him during the taking of the statement as looking like the one he discarded. He also stated therein that he had had frequent acts of sexual intercourse with the prosecutrix.

Dr. Bundy testified that he made an examination of the prosecutrix on the morning of the day (January 26, 1956) he was testifying and found her sexual parts capable of being penetrated by a male organ.

Appellant did not testify, but offered testimony showing that he had been kind and attentive to the prosecutrix and that she had constantly been in contact with other persons in appellant's absence and had many opportunities to complain of any abuse or mistreatment by him, but that she had never complained before November 17, 1955. He further offered proof that his wife was mad at him because she thought he was taking all the profit from the business and hiding it; and that she had said that if the grand jury did not indict him for this offense that she was going to give him trouble for tax evasion or something.

In support of Bills of Exception Nos. One and Two, appellant takes the position that he had a right to inquire fully into and explore the state of mind of a prospective juror and should be allowed a wide lattitude in such examination.

The bills reflect that the court refused to allow appellant to relate to each juror except the first two examined a summary of the law pertaining to certain phases of the trial of the case and then elicit his answer as to what he would do under such circumstances.

The court certified in the bills that appellant was permitted to inform and examine each juror as to the law governing the burden of proof, reasonable doubt, and the failure of the appellant to testify.

The action of the trial court in controlling the interrogation of prospective jurors on voir dire is subject to review only to ascertain whether the court abused his discretion. Livingston v. State, 152 Texas Cr. Rep. 302, 214 S.W. 2d 119. Under

the record we are unable to reach the conclusion that an abuse of discretion is shown.

Appellant complains of a question directed by the state's attorney to the assistant district attorney, while testifying as a witness, inquiring if the appellant made a voluntary statement to him in writing because the voluntary character of the statement was a question of fact and the question was therefore improper. To which question the witness replied that he could not answer yes or no. In view of the answer we see no reversible error because of the question.

The complaint presented by Formal Bill of Exception No. 11 to the introduction in evidence by the state of the following printed matter: "A-1323 Voluntary Statement While in Custody —Class 4" which appeared in the upper portion of the printed form of the written statement of the appellant, cannot be sustained because the trial court certified in said bill that the printed matter was not read or exhibited to the jury.

By Bill of Exception No. 17, appellant contends that Dr. Bundy was not competent to testify to the condition of the prosecuting witness on November 7, 1955, on the ground that he did not make an examination of her until January 26, 1956, which was too remote.

As the court certifies in the bill, the objection went to the weight and not to the admissibility of such testimony. We perceive no error in this bill.

By Bill of Exception No. 20, complaint is made of Deputy Sheriff Shelton being permitted to testify that he had a conversation with the appellant when appellant told him "that he was glad he had his business straightened out; that he did it for the girl's sake and that he didn't want to hurt the girl; didn't want the girl drug into court." When such testimony was offered the appellant objected thereto and requested the court to retire the jury so he could examine Deputy Sheriff Shelton to ascrtain if appellant was in custody at the time he made the oral statement to him, and such request was refused.

The court certifies that at the time of the request the witness Shelton was tendered to the appellant for voir dire examination before he was permitted to testify to any conversation with the appellant.

The bill fails to show what the witness Shelton would have testified concerning the custody of the appellant at the time such oral statements were made. It was incumbent upon the appellant to show by his bill the facts on which he relies which make the evidence inadmissible. Hence the bill does not reflect error. Curry v. State, 161 Texas Cr. Rep. 283, 276 S.W. 2d 832.

By Bill of Exception No. 22, appellant contends that the trial court erred in refusing his motion to exclude the testimony of James Hardin because, after he had testified, it was brought out during the examination of his wife, Irene Hardin, that the state's attorney had talked with them in the presence of each other about the testimony in this case and after the rule as to witnesses had been invoked and they had been so instructed.

In order to require a reversal under appellant's contention, it must be made to appear that injury may have been done to the appellant because of a violation of the rule by the state's attorney and the witness. 42 Texas Jur. 64-69, Sections 45-47.

Upon an examination of the testimony of both James and Irene Hardin we fail to see how their testimony could have injured the appellant. Obviously they were uneducated and did not comprehend the questions propounded to them by the prosecution or the defense which accounts for their unequivocal answers. Our ruling herein is based primarily upon such examination.

In the absence of a showing by the bill of the facts discussed between the state's attorney and the two witnesses we are unable to conclude that such discussion was harmful to the appellant and that the trial court abused his discretion in declining to exclude said testimony.

By Bill of Exception No. 25, it is urged that after a witness called by the appellant had testified that his general reputation as a peaceful and law-abiding citizen was good that the trial court erred in permitting the state's attorney on cross-examination to ask said witness the following question: "You don't know whether or not this defendant, Robert Grizzell, had carnal knowledge of Garie Bennett at any time?" To which the witness answered, "No."

The court certified in the bill that appellant's objection to the question and answer was, "Your Honor, we object, Your

Honor, improper cross-examination, and not in the purview of this witness' testimony."

The question and answer did not bring before the jury any new information. Garie Bennett is named in the indictment as the assaulted party in this case. We see no harm to appellant in such examination.

By Bill of Exception No. 29, appellant complains of certain argument to the jury by the state's attorney.

The court certifies in the bill that appellant made a general objection to such argument, took no exception to the court's ruling, and made no request to have same withdrawn. Hence no error is shown.

By Bill of Exception No. 29, appellant further complains of the closing argument to the jury by the state's attorney, to wit:

"He had a tremendous lot to say about this woman not taking this child to a Doctor. This woman is a nurse and the testimony shows that she is a nurse and she worked day and night, and her money went into supplying this family, while he built up a business down there. She was a nurse, and I am sure she gave the examination, that was necessary."

To which argument the appellant objected on the ground that it was not a legitimate deduction from the evidence, was out of the record, and he was giving unsworn testimony to the jury.

The court certified in the bill that the objection was sustained and the jury instructed not to consider it for any purpose.

Under the facts here presented, the court's action in sustaining the objection, and instructing the jury not to consider such argument we are unable to conclude that reversible error is shown.

Appellant insists that the trial court erred in overruling his amended motion for a new trial.

It alleged as newly discovered evidence that Lucille Grizzell, wife of appellant, on October 1, 1950, wrote a letter to Rachel and Willie Moore in which she accused Obediah Lambright, a

former husband, of attempting to rape Barbara Jean Knighting, another daughter of Mrs. Grizzell by a former marriage, during the time Mrs. Grizzell and Lambright lived together, and that such accusation was false. That said evidence was not known to him or his counsel within time to present it on the trial. It sought to show that the charge herein was due to a plan and scheme on the part of appellant's wife, the mother of the prosecutrix, against him.

It was further alleged in said motion that at a time when the jury stood eleven for conviction and one for acquittal that the one for acquittal stated that appellant did not look like a man who would commit a crime of the nature charged in the instant case. To which another juror replied that you cannot judge a man by his appearance; that the juror had known a man that was popular and well regarded in the community who was indicted for a morals offense.

Evidence was offered in support of the motion.

The trial court certified in the bill presenting newly discovered evidence that the matters referred to in the letter and the affidavit offered on the motion did not connect or refer to the appellant in any way or the relationship between the appellant and his wife. From an examination of the letter, we find it to be more vulgar than accusatory and it made no demands.

The decision on a motion for a new trial rests within the sound discretion of the trial court, and in the absence of an abuse of discretion, this court would not be justified in reversing the judgment. Upon consideration of the evidence offered in support of the motion in connection with appellant's admission in his written statement that he had sexual intercourse with the prosecutrix, which statement when introduced in evidence before the jury was only objected to because of certain printed matter thereon which the record shows was not read or exhibited to the jury, we are of the opinion that the trial court did not abuse his discretion in overruling the motion. Art. 757, Vernon's Ann. C.C.P.; Berry v. State, 159 Texas Cr. Rep. 492, 265 S.W. 2d 86.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

The appellant complains of our disposition of his bills of exception Nos. 1 and 2 and says that by our original opinion we have placed an unreasonable limitation upon his right to examine a prospective juror. Such was not our intention. The questions were:

"1. You understand that under the law, as explained to you, the defendant is not required to introduce any testimony whatsoever in his behalf in this cause, and I ask you that if you were taken as a juror in this cause, and at the close of the State's case, and it had rested, the defendant likewise had rested without putting on any testimony, would you, when you deliberated in this cause upon your verdict, hold such failure on the part of the defendant to so introduce evidence before you as a circumstance against him in any way whatsoever?

"2. Now, you understand that the State is required to prove the defendant's guilt to the satisfaction of the Jury beyond a reasonable doubt and unless you are convinced by such evidence from the State that the defendant is guilty beyond a reasonable doubt, it would be your duty to acquit the defendant and the Court will so charge you; Now, I want to ask you, that assuming you were taken as a juror in this case, heard all the evidence, the charge of the Court, and arguments of counsel, and then retired to your room for deliberation upon your verdict and that then, even though you thought the defendant might be guilty but if you believed then that the State had failed to show you by its evidence beyond a reasonable doubt the defendant was guilty, would you return a verdict of not guilty?"

The court qualified the bills as follows:

"The Defendant was permitted by the Court to inform each prospective juror ·that the burden of proof was on the State and never shifted to the Defendant, and that the State had the burden to prove the guilt of the Defendant beyond a reasonable doubt, and to inquire of each prospective juror whether he could and would follow the law in that respect.

"The Court permitted the Defendant to inquire of each prospective juror whether he would require the State to prove

to his satisfaction, beyond a reasonable doubt, the guilt of the Defendant before the prospective juror would vote to find the Defendant guilty, and also to inquire that should the State fail to so prove to the prospective juror's satisfaction the guilt of the defendant beyond a reasonable doubt, whether such prospective juror would acquit the defendant, and such inquiry was not denied to the Defendant concerning any prospective juror.

"And further the Court permitted the Defendant to ask each prospective juror whether in the event the Defendant elected not to testify in his own behalf, the Defendant's failure to so testify would be taken as any circumstance against him, and such inquiry was not denied to the Defendant in his Voir Dire Examination of any prospective juror."

As we view the questions, they were no more than a restatement of what the court's qualification shows was actually asked.

The trial court must be allowed some discretion in limiting the examination of prospective jurors or some trials would never terminate. We remain convinced that the appellant has failed to show that he has been deprived of any valuable right by the limitation herein assigned as error.

Appellant next complains of our disposition of bill of exception No. 17. Dr. Bundy testified that he examined the prosecutrix on the day of the trial, inserted a speculum in her vagina and found that it entered as easiy "as in any married person we have in the office." The fact that this examination occurred slightly more than two months after the date charged in the indictment could not render the evidence inadmissible. The question of the weight to be given the same was for the jury.

Appellant's last contention is that we erred in disposing of his contention that jury misconduct was shown. He seems to be laboring under the impression that if anything is said during the jury's deliberation which is not supported by the record reversible error is shown. We do not agree. Such a rule would doubtless bring about a reversal of a great majority of convictions based upon jury verdicts. This court is authorized to reverse only where new evidence against the accused which was detrimental to his case and probably influenced the jury adversely was heard by the jury during its deliberations. This, we believe, is a fair synopsis of all the cases on the subject. We

are at a complete loss to understand how a remark by one of the jurors that she had once known a school principal at Arp who had gotten into some trouble over a morals charge could be construed as new evidence detrimental to this accused.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.