**Roland SIMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39636.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

Lipscomb Norvell, Jr., Phillip Bordages, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Beaumont, John R. DeWitt and Wendell C. Radford, Asst. Dist. Attys., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Presiding Judge.

The offense is murder with malice; the punishment, 30 years in the penitentiary.

It is undisputed that appellant stabbed David "Priest" Comeaux during a crap game following an argument as to whether or not the deceased had "made his point", and that the deceased bled to death as a result of the stab wound. It was appellant's

contention that he stabbed the deceased in self-defense.

The facts, briefly summarized from testimony including that of three eye-witnesses, are that the dice game was held in the home of witness Richard Overton, with appellant, his brother, Joseph Simon, several others, and the deceased participating. Shortly after the game began, an argument erupted between the deceased, who was rolling the dice, and Joseph Simon, who had bet money against him. A brief scuffle ensued which terminated short of a fight, and it was the general feeling that the argument was "all over with," when appellant pulled a knife from his pocket and advanced toward the deceased. He was restrained, first by Overton, the host, then by his brother Joseph, who pleaded with him not to cut the deceased. Appellant broke away and charged into the deceased who was unarmed and who was backed up against the wall with his hands down at his sides. Appellant pushed the knife into the deceased's groin and "pulled up," apparently severing the femoral artery. The victim died in a very short time.

Appellant testified, and contended that he killed the deceased because "he attempted like he was getting his knife, you know, and coming towards me," and that he (appellant) "just met him." The gist of his testimony was that he was singularly sensitive concerning the protection of his person because he "had been getting cut pretty regular." As examples, he testified as to skirmishes during the preceding month in which he had been slashed on his right arm with a hatchet, stabbed in his hand, and cut in his mouth with a knife. He related that it had been necessary to subdue one of his assailants with a two-by-four. On direct examination appellant testified that he had been convicted of burglary in 1963.

█ The jury, charged on the issue of self-defense, rejected appellant's theory, and the evidence is clearly sufficient to support the conviction.

█ On motion for new trial, appellant re-urged his exception taken to the trial court's action in restricting the scope of appellant's voir dire examination of prospective jurors. Specifically, he alleges that the court refused to allow him to ask each member of the panel whether or not that prospective juror thought that a person unlawfully attacked had a moral duty to retreat to avoid the necessity of killing his assailant.

Appellant propounded the question to only four jurors, none of whom served on the jury, and appellant makes no effort to show that he was forced to accept an objectionable juror because of the trial court's ruling. We further note that appellant and the state stipulated that the following statement is true:

"Each prospective juror was examined on individual voir dire examination. On such examination, whenever counsel for either side desired to qualify the juror on the law of self-defense, the Court, at all times, permitted counsel to state the law of self-defense (including the right not to retreat) to each such juror and then to inquire of the juror whether he had any prejudice against such law and whether he would follow it if the Court so charged him that it was the law."

We find no error in the trial court's action of overruling appellant's motion for new trial based on this point of error. Clowers v. State, 146 Tex.Cr.R. 1, 171 S.W.2d 143; Kincaid v. State, 103 Tex.Cr. R. 485, 281 S.W. 855.

By informal bill of exception, appellant challenges the admission into evidence of two written statements of the witness Overton. The following is an excerpt from the record:

MR. NORVELL (Counsel for appellant): "Your Honor, we object to that written statement being introduced in evidence. He cannot introduce statements he has made sometimes in the past."

MR. DEWITT (Prosecutor): "Does the Court need me to state the law on that proposition?"

THE COURT: "Let him finish the objection."

MR. DEWITT: "Oh. All right. Yes, sir."

MR. BORDAGES (Appellant's other counsel): "Your Honor, we waive any objection. We would like to have it in. We request that * * *."

THE COURT: "Admitted."

■ The record shows that Attorney Bordages was appellant's counsel, and when a similar controversy arose at another point in the trial, appellant expressly stated that he placed the responsibility of his trial on Mr. Bordages. Error, if any, in the admission of Overton's two written statements, was waived.

The state called as a witness Joseph Simon, brother of appellant, and after a very brief examination of that witness, tendered him to appellant for cross-examination, which offer was declined by counsel for appellant. In its opening and closing argument, the state alluded to this fact, arguing that if appellant's version of the facts were correct, why had his brother not been asked to verify and support the fact that appellant acted in self-defense. Appellant contends that "(t)he argument of the prosecutor violates the fundamental rule that an attorney can not argue, comment, speculate on alleged facts not in evidence."

■ The argument to which appellant objects was not speculation as to what testimony that witness would have given, but was rather an inference that his testimony, whatever it may have been, would be unfavorable to appellant. While unsworn testimony by counsel during argument as to what a witness would have testified to is inadmissible as hearsay, the failure to produce readily-available evidence is a subject properly commented upon by the opposing party. See cases collected in Texas Digest, Criminal Law Section 721½ (1) and (2); see also Texas Law of Evidence, McCormick and Ray, Section 439; 56 Tex.Jur.2d 597, Trial Sections 259–265; Annotation at 5 A.L.R.2d 893; 23A C.J.S. Criminal Law § 1099, p. 174.

We likewise find no reversible error in appellant's other objections to the argument of the prosecution.

Appellant contends that the trial court reversibly erred in allowing the state to introduce into evidence State's Exhibit No. 3, the written statement of witness Preston Williams, over the objection of appellant.

■ Even if we were to hold that the trial court erred in admitting the statement, such error could not be considered prejudicial to appellant. There is overwhelming evidence found elsewhere in the record, including very similar testimony of three witnesses to the killing, which would render harmless any error in the reception of the statement in evidence. Johnson v. State, Tex.Cr.App., 378 S.W.2d 76.

■ The unsworn argument of counsel for appellant and the state is not evidence, and the trial court properly refused the jury's request, during deliberations, for a written copy of the summations.

Appellant's remaining informal bills of exception present no reversible error.

The judgment is affirmed.