**David William BARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48940.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Rehearing Denied Dec. 18, 1974.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Ronald Young, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is aggravated assault; the punishment, six months.

The sole question presented relates to the court's action in limiting appellant's voir dire examination of the jury panel to 30 minutes.

At the commencement of the selection proceedings, the trial court announced that each side would receive 30 minutes to conduct its voir dire examination of the jury panel. The court proceeded to instruct the panel on general principles of law affecting criminal cases, after which the prosecutor conducted his examination. Counsel for appellant then commenced his interrogation. He spoke to the panel for 21 minutes on general principles of law applicable to the case and only then began to ask questions of the jury panel. When the court informed him that his 30 minutes had elapsed, counsel objected and, outside the presence of the jury, introduced into evidence Exhibit B, "a computation of questions I have prepared over the years for voir dire examination," and proposed to ask "each and every juror each and every question," except where repetitious. The exhibit consisted of 26 legal size pages, single-spaced and typewritten, containing unedited, repetitious questions and comments covering general principles of criminal law, but also including material on robbery, child witnesses and other areas clearly not applicable to the case at bar. His

requests to continue the voir dire and to question, for the record, those members of the panel he had not had an opportunity to examine individually were both denied.

Appellant relies on De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668. Both *De La Rosa* and the case at bar were tried before the same trial court and both involved the limitation of voir dire examination to 30 minutes. However, in *De La Rosa*, counsel addressed a few remarks to the jury panel as a whole and then moved directly into questioning individual members of the panel. At the lapse of the allotted 30-minute time period, he requested the court to permit him additional time to ask each juror approximately 15 questions he had earlier presented to the court. These questions, which this Court concluded appeared to be proper voir dire material, included, among others, a request for each juror's address, marital status, place of employment, religious and educational background. Counsel's request to continue voir dire, as well as his request to perfect his bill of exception to show how the jurors would have answered, was denied. The court then brusquely informed counsel he had five minutes in which to strike the jury list.

■ The case at bar, however, presents a different situation. In *De La Rosa*, counsel, as noted earlier, proposed to propound approximately 15 specific questions in order to elicit information such as each panel member's address, marital status, occupation, etc. Unlike *De La Rosa*, counsel in the case at bar had juror information cards filled out by panel members in his possession, which provided just the type of information counsel in *De La Rosa* had requested the extra time to secure. Nevertheless, counsel in the case at bar sought to extend the voir dire proceedings indefinitely by proposing to propound an unspecified number of additional questions to the panel. His request did not state why he required additional time in this particular case, nor did his unorganized array of questions present the court with a concise proposal upon which to base his decision on whether to continue voir dire or not.

■ This Court does not condone the arbitrary limitation of voir dire. However, under the circumstances presented here, we are unable to conclude the trial court abused his discretion in limiting the voir dire. Grizzell v. State, Tex.Cr.R. 362, 298 S.W.2d 816; Livingston v. State, 152 Tex. Cr.R. 302, 214 S.W.2d 119. Appellant was neither effectively denied an opportunity to examine the panel nor unfairly prohibited from conducting his inquiry. Counsel has a duty, within reasonable bounds, to budget his time. The trial court may, within reason, limit voir dire examination in order to avoid undue and unnecessary prolongation of the trial. Hernandez v. State, Tex.Cr. App., 508 S.W.2d 853 (concurring opinion); De La Rosa v. State, supra; Grizzell v. State, supra.

Finding no reversible error, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

In his grounds of error appellant complains that the trial judge erred in denying his counsel the right to examine each member of the jury panel on voir dire and such action deprived him of a fair and impartial trial by jury, of the right to counsel, as well as the effective assistance of counsel in violation of the federal and state Constitutions.

The indictment charged the felony offense of assault with intent to murder with malice aforethought for which the maximum penalty was twenty-five (25) years.

The issues submitted as being raised by the evidence included assault with intent to murder with malice, assault with intent to murder without malice, aggravated assault and the issue of self-defense.

At the commencement of the voir dire examination of the jury panel the court, over objection by appellant, limited both sides to thirty (30) minutes apiece to interrogate the jury panel.

The trial judge, in this non-capital felony case, then introduced the attorneys, informed the jury of the nature of the case and instructed them on the presumption of innocence, burden of proof, that an indictment is no evidence of guilt, mentioned the possibility that a lesser included offense might be involved, described the functions of a jury and the procedure used in selecting a juror. There was no interrogation by the judge of the jury panel.

The assistant district attorney introduced and asked in general if the prospective jurors knew certain State witnesses or if they knew the appellant or his counsel. He then briefly explained certain principles of law and then rapidly examined thirty-two (32) members of the jury panel, asking only a few questions, such as whether the prospective juror can be fair and impartial if chosen and if such person had any questions about anything he had stated.

Appellant's counsel addressed some general remarks to the jury about the presumption of innocence, burden of proof, that an indictment was no evidence of guilt, assault to murder with and without malice, specific intent to kill, aggravated assault, self-defense. He then directed questions to the panel as a whole as to whether any member had been accused of a crime or been a complainant in a criminal case or was related to a law enforcement agent, receiving several replies. He mentioned the relationship of the State's witnesses as being sister, mother and nephew of the appellant and inquired whether such relationship between accused and witnesses would affect the fairness of any juror. He then began to examine the jurors individually and asked only brief questions of five prospective jurors before the trial judge called time and terminated the voir dire examination, over appellant's objection that he had not had an opportunity to examine individually the other twenty-seven (27) members of the panel examined by

the State and his request that he be permitted to do so. Appellant then requested the court to permit him to ask questions of the individual prospective jurors that were contained in his Exhibit #B which were not repetitious and, if not, to be able then to ask such questions for the purpose of a bill of exception. The request was denied.[1] The appellant then modified his request and asked that he be allowed to interrogate the remaining members of the jury panel individually to determine if in any way, form or fashion they might be prejudiced as to the possible law in this case. The request was denied.

Appellant contends that the question here presented is whether De La Rosa v. State, 414 S.W.2d 668 (Tex.Cr.App.1967), is still the law. I agree. There, this court held that while the trial court has the duty to confine examination of prospective jurors within a reasonable time, nevertheless, the duty does not carry with it authority to refuse defense counsel the privilege of examining each juror individually within reasonable limits.

The majority seeks to distinguish De La Rosa on the ground that the questions there sought to be directed individually to the remaining members of the panel when the time limit set by the court expired dealt with individual juror's address, marital status, place of employment, religious and educational background, while in the instant case the parties had been furnished jury information cards containing such information. De La Rosa did not turn on the absence of the jury information cards, nor were the questions sought to be propounded in De La Rosa limited to such matters, but also pertained as the opinion reveals to "attitude toward 'second offender cases' and certain principles of law." While counsel was not entitled to ask all the questions included in Exhibit #B, his subsequent request to ask the balance of the panel individually questions concerning their prejudice as to any law applicable to

1. While some of the questions contained in Exhibit #B were not proper voir dire questions, many were.

the facts was clearly proper and should have been allowed. How else could he have intelligently exercised his peremptory challenges or challenges for cause?

Only recently this court in Smith v. State, 513 S.W.2d 823 (Tex.Cr.App.1974), held that where the trial court fully qualified the individual jurors on the range of punishment in a murder case (which was a capital case at the time), the refusal to permit defense counsel to ask, during individual voir dire examination of prospective jurors, duplicitous questions regarding range of punishment was not an abuse of discretion under the circumstances. What the court wrote in the course of its opinion is here pertinent. There, the court wrote:

". . . Appellant does not urge that the court failed to properly qualify veniremen as to the range of punishment but contends that the right of being heard by counsel carries with it the right of counsel to personally interrogate the members of the jury panel.

"At the outset we reject the State's argument that these contentions should be denied because the appellant is unable to prove 'harm' by showing his peremptory challenges were exhausted or that he had to accept an objectionable juror. Since a question attempting to elicit grounds for a challenge for cause is necessarily also eliciting 'grounds' for peremptory challenges (which may be exercised arbitrarily, Art. 35.14, Vernon's Ann.C.C.P.), the harm in preventing answers to any proper question is the inability to intelligently make use of the peremptory challenges. Meador v. State, 94 Tex.Cr.R. 608, 253 S.W. 297 (Tex.Cr.App.1923); Ortega v. State, 462 S.W.2d 296 (Tex. Cr.App.1970). Appellant is entitled to knowledge of the answers, regardless of content, to ensure knowing challenges. Mathis v. State, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (Tex.Cr.App.1959). If the question is proper, an answer denied prevents intelligent use of the peremptory challenges and harm is shown.

"The necessity to question freely and broadly on voir dire in order to decide intelligently when to use one's peremptory challenges has been firmly established as a concomitant to the constitutional right to counsel. DeLaRosa v. State, 414 S.W.2d 668 (Tex.Cr.App.1967); Plair v. State, 102 Tex.Cr.R. 628, 279 S. W. 267 (1926); Reich v. State, 94 Tex. Cr.R. 449, 251 S.W. 1072 (1923); Meador v. State, supra.

"'As a general rule great latitude should be allowed a party interrogating a venire in order to enable his counsel to determine the desirability of exercising on the members thereof his right of peremptory challenge, and this court does not look with favor on any unreasonable limitation of this right.' Kincaid v. State, 103 Tex.Cr.R. 485, 281 S.W. 855, 856 (1926)

"The permissible areas of interrogation to determine the use of peremptory challenges are broad and not to be unnecessarily limited. Asking about bias against parts of the range of punishment is certainly permissible. Indeed, bias against any of the law upon which the defendant is to rely is ground for a challenge for cause and a proper matter for query. Art. 35.16(c)(2), V.A.C.C.P.; Reeves v. State, 491 S.W.2d 157 (Tex. Cr.App.1973).

"However, the decision as to the propriety of any question is left to the discretion of the trial court and the only review will be for abuse of that discretion. Reich v. State, supra; Livingston v. State, 152 Tex.Cr.R. 302, 214 S.W.2d 119 (Tex.Cr.App.1948); Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816 (Tex.Cr.App.1957); Johnson v. State, 467 S.W.2d 247 (Tex.Cr.App. 1971). The discretion is abused when a proper question about a proper area of inquiry is prohibited."

In view of the issues here involved and the law applicable thereto, the court abused its discretion in arbitrarily fixing a thirty

(30) minute limitation upon appellant's voir dire examination.

I dissent. See De La Rosa v. State, supra, and cases there cited.

ROBERTS, J., joins in this dissent.