IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2055-99






DANIEL RIOS, JR., Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Cochran, J., filed a dissenting opinion.


O P I N I O N 
 


 I join Judge Price's dissenting opinion. I add the following remarks on the same
ground for review (1) because I think there is a vast difference between a "proper" voir dire
question which an advocate may ask under Standefer (2) and a "proper" voir dire question
which an advocate must be allowed to ask even after the trial court's reasonable time limit
on voir dire has expired. I do not believe that any advocate, for either the State or the
defense, is entitled to ask all proper questions to the jury panel regardless of how long it
would take to pose them to a patient panel of veniremen.

 A Texas trial judge may impose reasonable time limits upon the voir dire
questioning. (3) There is no specific time limitation which either is, or is not, necessarily
reasonable. In one case a time limitation of 30 minutes may be reasonable, (4) while in
another 60 to 90 minutes may be unreasonable. (5) As this Court has explained:

 Each case must be examined on its own facts. A reasonable time limitation
for one case may not be reasonable for another. We caution that the amount
of time allotted is not, by itself, conclusive. Various and unpredictable
considerations such as the complexity of the case or the makeup of the
venire may prolong a voir dire examination. Challenges for cause and
discussions at the bench can contribute to a lengthy voir dire examination. (6)


The task of the trial judge, then, is to harmonize the parties' rights to effective questioning
of the jury panel and its individual members on relevant legal and personal issues with the
interests of the court and the veniremen in efficiency of the trial process. (7) 

 We have reviewed a trial court's time limitation on voir dire by an "abuse of
discretion" standard, taking into account:

 1) whether the party attempted to prolong the voir dire;

 2) whether the questions that the party was not permitted to ask were proper voir
dire questions; and

 3) whether the party was not permitted to examine prospective jurors who
actually served on the jury. (8) 


Generally speaking, a voir dire topic is proper if it seeks to discover a juror's views on an
issue applicable to the case. (9) A specific voir dire question is proper if it is neither "too
vague" (10) nor "an improper commitment question." (11) Like Goldilocks' porridge, not too hot
and not too cold. Thus, a question concerning a relevant topic that is couched in the
technically correct manner is a proper, hence permissible, voir dire question. 

 But I stumble over the proposition that if a particular voir dire question is a
permissible one, the trial judge must allow a party to ask it even though otherwise
reasonable voir dire time limits have been exceeded. All proper questions are permissible,
but some proper questions are more important than others. (12) Not all proper voir dire
questions can ever be asked in any voir dire proceeding or the panel will sit on its hard
wooden bench until the clock strikes thirteen. The mind of a well-trained legal advocate is
a fertile field-presumably any one of them could devise a list of a hundred or more
"proper" questions for any trial if he were so motivated. As in all of life, however,
advocates prioritize. 

 I think that a trial judge abuses his discretion in refusing to allow an advocate to ask
a "proper" question after that lawyer has exceeded otherwise reasonable time limits (13) only
if the advocate began his voir dire by addressing the most important and complex disputed
issues in the particular case, kept on point, but still had important personal questions or
crucial legal topics to cover when the allotted time ran out. If, through no fault of the
advocate, the jury has difficulty understanding a particular issue or law, or if an unexpected
amount of time was spent on legal challenges or the background of specific jurors, then the
attorney is reasonable in requesting additional time to complete discussion of his core
topics. Of course, the attorney should put on the record what core topics remain and the
specific questions he needs to ask. The judge would not abuse his discretion if he denied
additional time to cover personal issues or law that are not close to the core of the disputed
issues.

 One-size voir dire obviously does not fit all, but we should trust our advocates to
prioritize appropriately and our judges to recognize the crucial from the peripheral. For
example, in this case, appellant complained that he did not have time to ask jurors about
their membership in anti-crime organizations. (14) At first blush, I cannot understand how a
venireman's membership in an anti-crime organization is crucial to the defensive theories
in an aggravated robbery case. If the centrality of this issue were explained to the trial
judge on the record, however, both the trial judge and I would understand the possible need
for inquiry into this area in addition to the questions defense counsel had already posed
about law enforcement associations and crime victim experiences.

 Similarly, appellant complained about not having enough time to discuss "the
punishment issue." Obviously, punishment is an important issue in any felony trial, but I do
not know what specific questions or concerns the defense considered crucial to discuss on
this topic. In the fullness of time, it does not appear to me that appellant was harmed by
this lack of questioning as he was sentenced to 10 years probation in an aggravated robbery
case involving a mother and her three children in her home in which the armed robbers tied
up the mother and stole her cash, jewelry, and car. The punishment assessed in this case
perhaps exemplifies the old adage, "Silence is golden." 

 In sum, I agree with Judge Price that appellant has failed to demonstrate any error in
the trial court's reasonable voir dire time limitations in this case. I dissent to the Court's
decision to dismiss the District Attorney's and State Prosecuting Attorney's petitions for
discretionary review as improvidently granted. 


Cochran, J. 

Filed: December 17, 2003.

Publish 


 





 




 
1. We granted a total of five grounds for review, three by the Harris County District Attorney's
Office and two by the State Prosecuting Attorney. These are:


 1. The court of appeals erred in failing to give the proper deference to the discretion of the
trial court in conducting voir dire.

 2. The court of appeals erred in holding that imposing an improper restriction on voir dire
is constitutional error.

 3. The court of appeals erred in summarily reversing the conviction without conducting a
meaningful harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure.

 1. The court of appeals erred in holding that improper limitation of defense voir dire is
analyzed for harm under Rule 44.2(a) of the Texas Rules of Appellate Procedure.

 2. The court of appeals erred in holding that the improper limitation of defense voir dire in
this case was harmful where the record does not show that the jury was not fair and
impartial.

Because these two petitions were granted before our decision in Ex parte Taylor, 36 S.W.3d 883
(Tex. Crim. App. 2001) (State Prosecuting Attorney has primary authority to represent the State in the
Court of Criminal Appeals), Taylor does not apply. See Thomas v. State, 65 S.W.3d 38, 39 n.1
(Tex. Crim. App. 2001). In Thomas, we considered both the S.P.A.'s and D.A.'s petitions for
discretionary review when each petition was granted before Taylor was decided.

 Given this plethora of possibilities and a clear record, I cannot understand the Court's inability
to resolve this case on one of them. I would address only the district attorney's first ground for review,
and thus I would not reach any question of harm.
2. Standefer v. State, 59 S.W.3d 177 (Tex. Crim. App. 2001).
3. See Caldwell v. State, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991) ("the control of the
voir dire examination is within the sound discretion of the trial judge, and it is well-settled that the trial
judge's discretionary authority extends to imposing reasonable limitations on the time for which counsel
may question the jury panel"); Clark v. State, 608 S.W.2d 667, 669 (Tex. Crim. App. 1980) ("we
reiterate that reasonable time limits may, within the trial court's discretion, be placed on the voir dire
examination"); Barrett v. State, 516 S.W.2d 181, 182 (Tex. Crim. App. 1974) (same).
4. Barrett, 516 S.W.2d at 182 (30 minute time limit was reasonable when counsel "sought to
extend the voir dire proceedings indefinitely by proposing to propound an unspecified number of
additional questions to the panel").
5. Clemments v. State, 940 S.W.2d 207, 209-101(Tex. App.-- San Antonio 1996, pet.
ref'd) (60 minute time limit unreasonable when defense was unable to question four panelists who
became jury members about their personal knowledge or experiences with child abuse); Ratliff v.
State, 690 S.W.2d 600, 598-600 (Tex. Crim. App. 1985) (81 minutes unreasonable limitation under
particular circumstances).
6. Ratliff, 690 S.W.2d at 600.
7. See Id. at 599 ("[t]hese two principles -- the right of counsel to question veniremembers and
the right of the trial court to control the voir dire and impose reasonable restrictions -- coexist and must
be harmonized").
8. McCarter v. State, 837 S.W.2d 117, 119 (Tex. Crim. App. 1992).
9. See Robinson v. State 720 S.W.2d 808, 810-11 (Tex. Crim. App. 1986); Campbell v.
State, 685 S.W.2d 23, 25 (Tex. Crim. App. 1985).
10. Barajas v. State, 93 S.W.3d 36, 39-40 (Tex. Crim. App. 2002).
11. Standefer v. State, 59 S.W.3d 177, 179-83 (Tex. Crim. App. 2001).
12. Cf George Orwell, Animal Farm ch. 10 (1945) ("All animals are equal, but some
animals are more equal than others").
13. Because the party with the burden of proof on the disputed issues is usually the one who
legitimately needs the most voir dire time, a general rule of thumb might be that in most cases the time
allocated for the State to give its voir dire should also suffice for the defense. However, in cases in
which the defense bears the burden of production or proof, such as insanity, duress, necessity, or even
self-defense, a trial judge might wisely consult the defense attorney as to his expectations before setting
a reasonable time limit.
14. Defense counsel in this case had already inquired into the panel members' associations with
law enforcement and whether those associations might influence their verdict as well as their "crime
victim" experiences-especially events involving a weapon-and any impact those experiences might have
on their deliberations.