## L. R. MOORE v. STATE.

No. 24882. May 24, 1950.

Hon. Henry S. Bishop, Judge Presiding.

*Victor H. Lindsey,* Lubbock, and *J. L. Bagwell,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of robbery with firearms, as charged in the second count of the indictment returned against him. The jury, upon appellant's plea of guilty, assessed his punishment at eleven years' confinement in the penitentiary.

The sole question presented on this appeal is the sufficiency of the indictment.

It is therein alleged that appellant by means of an assault with a pistol fraudulently and without his consent took from the person and possession of Noel Holiman $100.00 in money "the same being the property of the said Noel Holiman, with the intent to deprive the said Noel Holiman of the same, and to appropriate the same to his own use and benefit."

By motion to quash the indictment, and motion in arrest of judgment, appellant makes the contention that the quoted portion of the indictment fails to legally and properly allege the intent of appellant to appropriate the property to his, appellant's, own use. It is his contention that the quoted allegation must be construed as alleging the intent "to appropriate said property to the use and benefit of the owner, the said Noel Holiman."

We cannot agree with appellant's construction of the allegation. We think it clear that the indictment charged the intent to appropriate the property to his, appellant's, own use and benefit.

We note that the judgment, as shown in the transcript, fails to conform to the verdict of the jury in the matter of punishment.

The judgment is ordered reformed so as to adjudge appellant's punishment at eleven years in the penitentiary as assessed by the jury.

As so reformed, the judgment is affirmed.

Opinion approved by the court.