JAMES ELMER RAWLS, ALIAS JAMES E. YOST V. STATE

No. 34,126. January 24, 1962

*Pena & Pena,* by *Gilbert J. Pena,* Laredo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 25 years.

The indictment alleged the taking of "one hundred eighty-nine American Express Travelers checks of the value of Two Thousand Seven Hundred Eighty Dollars, and Eighty-Six Dollars in lawful money of the United States of America;"

The sole ground upon which reversal is sought is the overruling of appellant's motion to quash the indictment, the contention being that the checks alleged to have been taken were not sufficiently described.

The state correctly points out that, in addition to the checks, the indictment alleged the taking of Eighty-Six Dollars in lawful money of the United States of America, and that proof of the taking of the money alone would be sufficient to convict.

The money alleged to have been taken was sufficiently described. Moore v. State, 154 Tex. Cr. R. 638, 230 S.W. 2d 217; Livingston v. State, 152 Tex. Cr. R. 302, 214 S.W. 2d 119; 5 Branch's Ann. P.C. 2d Ed. 17, Sec. 2576.

Appellant was identified by the complaining witness as the person who appeared at the Western Union office in Laredo about 9:15 at night, exhibited a pistol and, by putting her in fear, took Eighty-Six Dollars in United States Currency and one hundred eighty-nine American Express Travelers checks: 100 tens and 89 twenties. He was identified by other witnesses as the person who was driven by taxicab from Laredo to Zapata

shortly thereafter and who registered in Room 17 at the Siesta Motel where American Express Travelers checks introduced in evidence were found the next day.

The court in his charge required the jury to find that appellant took the money as well as the checks described in the indictment in order to convict.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.