**John Daniel HUNT and Johnny Miles, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Johannes H. SMIT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Edward P. TALBOT, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 44127–44129.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Joseph (Sib) Abraham, Jr., Bart Cox, Mel S. Friedman, Houston, for appellant.

Enrique H. Pena, County Atty., and James Kirby Read, Jr., Asst. County Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense in each case is possession of obscene material with the intent to sell or distribute. Art. 527, Vernon's Ann.P.C. (Supp.1971). The punishment in each includes costs and a probated sentence of six months confinement in the county jail. Additionally, in Cause No. 44,127 there was a $500.00 fine, $250.00 of which was also probated; in Cause No. 44,128, a fine of $500.00 was assessed; and a $200.00 fine was levied in Cause No. 44,129, $50.00 of which was probated.

These three cases, consolidated for appeal, involve almost identical fact situations. In each case the record reflects that a detective of the El Paso intelligence detail instructed his son to enter certain book stores in the El Paso area. Following these instructions, certain magazines were purchased which the young man turned over to his father. The magazines thus purchased form the basis for the instant prosecutions.

Two of the appellants in these cases— Smit and Miles—are owners (or part-owners) of establishments in El Paso, while appellant Talbot was a clerk in one of the book stores.

■ We are confronted with the question of whether the magazines involved in this prosecution come within the term "constitutionally obscene" as that term is defined by the United States Supreme Court. Notwithstanding a jury verdict finding the magazines "obscene" under Art. 527, it is incumbent on this court to make its own independent judgment. Manual Enterprises v. Day, 370 U.S. 478, 488, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962); United States v. 35 MM. Motion Picture Film, etc., 432 F.2d 705, 709–711 (2nd Cir. 1970).

■ The court has examined the magazines on which the instant prosecutions were based: The McCoy No. 1; Casbah No. 2, PVT Penthouse, Vol. 1, Issue 2. They are all quite similar in content. They are high-gloss, (both color and black and white) apparently unretouched pictures of young females naked as to their genital area. In most of the photographs the subject's legs are spread wide, and the focus is on the genital area with emphasis often added by garter belts and contorted positions. With the minor exception of two pictures, the women in the pictures are

alone, and there is no overt portrayal of sexual activity. This is exactly the kind of a picture which the Supreme Court holds is not obscene. Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970), rev'g per curiam 17 Mich.App. 318, 169 N. W.2d 367 (1969); Central Magazines Sales, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967), rev'g per curiam, United States v. 392 Copies of Magazine entitled "Exclusive", 373 F.2d 633 (4th Cir. 1967).

I am in complete accord with Judge Levin of the Court of Appeals of Michigan in his opinion in Dykema v. Bloss, supra. As in Dykema, the magazine before this Court is vulgar, tawdry and unpleasant, but we must agree with that portion of his dissent in which he says:

"The question before us, however, is not whether these odious magazines are obscene in the ordinary sense of the word —they clearly are—but whether they are obscene in the constitutional sense." 169 N.W.2d at 376 (concurring in part and dissenting in part).[1]

Just as in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), in this case there is no claim that the statute in question reflects a specific or limited concern for juveniles.[2] In this case there was not a suggestion of an assault upon individual privacy by publication in the manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure, and in this case there was no evidence of "pandering" as in Ginzburg

v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966).

■ Appellants contend that Art. 527 is unconstitutional on the ground that it fails to provide for an adversary hearing on the question of the obscenity of the materials prior to the initiation of the criminal process. This contention is without merit.

"As the State points out there is at least one procedure whereby Article 527 as written may be constitutionally enforced; police officers can purchase material, and prosecutions can be instituted on the basis of the purchased articles." Stein v. Batchelor, 300 F.Supp. 602, 608 (N.D. Tex.1969) (3 Judge court), judgment vacated and remanded on jurisdictional question, sub. nom. Dyson v. Stein, 401 U.S. 200, 203, 91 S.Ct. 769, 770, 27 L. Ed.2d 781, 783 (1971) (per curiam).

■ Finally, appellants urge that the trial court should have charged the jury that obscenity must be decided on the basis of "contemporary national community standards" rather than "contemporary community standards" as was done in this case. A majority of the Supreme Court has not adopted such standard, and we decline to do so in this case. In Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L. Ed.2d 793 (1964), only two justices enunciated a national standard.

The judgments are reversed, and the causes are dismissed.

1. Attention is also directed to Justice Otis' comprehensive of recent developments with regard to obscenity in Minnesota v. Hoyt, 286 Minn. 92, 174 N.W.2d 700, 702 (1970) (dissenting opinion), rev'd per curiam, 399 U.S. 524, 90 S.Ct. 2241, 26 L.Ed.2d 782 (1970).

2. This prosecution was not brought under Art. 534b, P.C., Protection of Minors from Harmful Material.