**Harmon B. THACKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45966.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

J. Mack Ausburn and Samuel L. Egger, San Antonio, for appellant.

---

1. See and compare Article 802f, Vernon's Ann.P.C.

Ted Butler, Dist. Atty., Charles Albidress, Jr. and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This appeal is from a conviction for possessing obscene material, to-wit, one magazine called "Topper," with intent to distribute the same in violation of Article 527, Vernon's Ann.P.C. The punishment, a $250.00 fine.

The record reflects that the appellant is the proprietor of Thacker's Food Store in San Antonio. On the date in question a detective in the vice squad division of the San Antonio Police Department purchased the Topper magazine, made the subject of this case, from an employee of appellant. He took the magazine from a rack within the store. The evidence does not show that appellant was present at the time of the purchase; however he habitually was in and out of the store four or five times daily.

We are called upon to determine whether "The court erred in overruling Defendant's motion for a directed verdict of not guilty because the magazine 'Topper' is, as a matter of law, not obscene." We must make this determination even though a jury has found the same to be obscene. Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639; Hunt v. State, Tex.Cr.App., 475 S.W.2d 935.

The magazine in question has been reviewed and found to be dismally unpleasant, uncouth and tawdry. It contains photographs, both in black and white and in color. Some of the pictures portray nude females while others appear to show some contact between the sexes. There are no direct showings of any genitalia nor any explicit sexual scenes. Some do show what appears to be attempts at simulating such actions; however there are no overt portrayals of sexual activity. This court has held those kinds of pictures not to be obscene and we adhere to that holding herein. See Hunt v. State, supra, and cases cited therein.

Further, in this case, as in Hunt v. State, supra,

". . . there was not a suggestion of an assault upon individual privacy by publication in the manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure, and in this case there was no evidence of 'pandering' as in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966)."

The judgment is reversed and the cause is dismissed.