No. 72–1506. WEST *v.* TEXAS. Ct. Crim. App. Tex. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.
Petitioner was convicted on charges of exhibiting

allegedly obscene matter in violation of Tex. Penal Code, Art. 527, § 3 (Supp. 1972–1973), which provides as follows:

"Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state prepares for distribution, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (dissenting opinion). It is clear that, tested by that constitutional standard, Art. 527, § 3, is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Texas Court of Criminal Appeals, and remand for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I.* In that circumstance, I have no occasion to consider whether the questions presented in the petition merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (Brennan, J., dissenting).