**Joe C. BURKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48044.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 18, 1974.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was charged with selling an obscene magazine; the jury found him guilty of the offense charged and assessed

**148**

his punishment at a fine of $1,000 and confinement in jail for six months. The appellant does not challenge the sufficiency of the evidence to sustain the conviction.[1]

In his first ground of error, appellant claims that the trial court improperly limited his voir dire examination of the jury panel by refusing to permit him to propound the following question to the members of the panel: "Do you believe that it is morally wrong for an adult person to have magazines or books in their homes that show pictures depicting sexual intercourse and acts of oral sodomy."

■ The rule governing this ground of error was recently reaffirmed in Hernandez v. State, 508 S.W.2d 853 (Tex.Cr.App. 1974): "[T]he right to propound questions on voir dire, in order to intelligently exercise peremptory challenges, is of the greatest importance." Although we further stated in Hernandez v. State, supra, that a showing of injury is necessary when the right is restricted, citing Crowson v. State, 364 S.W.2d 698 (Tex.Cr.App.1963), if the question denied is sought in order to intelligently exercise peremptory challenges, the test for injury is not the same as that where the contention is that a trial judge erred in denying a challenge for cause. In the latter situation the cases are legion that no reversible error is shown unless injury resulted as demonstrated by the defendant having exhausted his peremptory challenges and one or more objectionable jurors having sat on the case. E. g. Ward v. State, 505 S.W.2d 832 (Tex.Cr.App.); Bell v. State, 137 Tex.Cr.R. 401, 129 S.W. 2d 664. The rationale for permitting peremptory challenges dictates an entirely different showing of injury where the asking of a question is denied for the reason that the resulting injury is itself of an entirely

different nature. The rationale was well stated in Mathis v. State, 167 Tex.Cr.R. 627, 322 S.W.2d 629, at 631:

"It has been long the holding of this court that the constitutional guarantee of the right to be represented by counsel (Bill of Rights, Art. 1, Sec. 10, Vernon's Ann.St.Const.) carries with it the right of counsel to interrogate the members of the jury panel to the end that he may form his own conclusion, after his personal contact with the juror, as to whether in counsel's judgment he would be acceptable to him or whether, on the other hand, he should exercise a peremptory challenge to keep him off the jury. Reich v. State, 94 Tex.Cr.R. 449, 251 S. W. 1072; Barnes v. State, Tex.Cr.App., 88 S.W. 805; Kerley v. State, 89 Tex. Cr.R. 199, 230 S.W. 163; Plair v. State, 102 Tex.Cr.R. 628, 279 S.W. 267; Pendergrass v. State, 121 Tex.Cr.R. 213, 48 S.W.2d 997; Belcher v. State, 96 Tex. Cr.R. 382, 383, 257 S.W. 1097; and Olliff v. State, 161 Tex.Cr.R. 336, 276 S. W.2d 839.

"In the Plair case, supra, it was held reversible error to refuse the request to interrogate the jurors individually as to their views concerning the suspended-sentence law and whether they objected to giving application thereof in a proper case.

"In the Pendergrass case, a liquor case, it was pointed out that the accused was entitled to inquire of the members of the jury panel whether they were prohibitionists.

"In the Reich and Belcher cases, supra, it was held reversible error to refuse to permit the accused to inquire of the jurors whether they were members of the Ku Klux Klan.

1. As this Court said in Hunt v. State, 475 S. W.2d 935, 936 (Tex.Cr.App.1972): "Notwithstanding a jury verdict finding the magazines 'obscene' under Art. 527, it is incumbent on this court to make its own independent judgment." Having reviewed the magazine upon which the prosecution is based, we agree with the verdict of the jury; the magazine is obscene in fact as well as in law. Buchanan v. State, 506 S.W.2d 236 (Tex.Cr. App.1974).

"In the Olliff case, it was held that the state was authorized, over objection of the accused, to inquire for the purpose of exercising its peremptory challenges if the jurors or any member of their immediate family or any close friends were members of the religious society known as Jehovah's Witnesses.

"The holding in the cases cited and discussed is based upon the proposition that in order to intelligently exercise their peremptory challenges both the one accused of crime and the state have the right to reasonably examine the jurors to that end."

■ What, then, is the test for injury or not when the court denies the asking of a question sought to permit an intelligent exercise of the accused's peremptory challenges? We know from Livingston v. State, 152 Tex.Cr.R. 302, 214 S.W.2d 119, that injury must be shown, and that merely showing the question sought and that it was denied is not sufficient. Although Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816, did not involve the denial of a question sought expressly for the exercise of a peremptory challenge, we find the test stated there to be appropriate for this situation, in light of the latitude[2] which should be accorded counsel in preparing himself to intelligently exercise his client's peremptory challenges. In Grizzell v. State, supra, on motion for rehearing, at 821, Judge Morrison, speaking for a unanimous court, gave guidance on the issue before us in the following manner.

After setting out the questions which the defendant had sought to ask, and then setting out the trial court's qualification of the bills of exception, which qualifications showed other questions which were asked, it was stated:

"As we view the questions [sought], they were no more than a restatement of

what the court's qualification shows was actually asked.

"The trial court must be allowed some discretion in limiting the examination of prospective jurors or some trials would never terminate. We remain convinced that the appellant has failed to show that he has been deprived of any valuable right by the limitation herein assigned as error." Grizzell v. State, supra, at 822.

We are aware that in Cook v. State, 398 S.W.2d 284 (Tex.Cr.App.), it was stated:

"We are inclined to the belief that in cases of this kind appellant should make a showing in the record what the answer of any venireman would have been to the question propounded. Additionally, he should show that an objectionable juror served on the jury, or that he exhausted his peremptory challenges. Lehman v. State, 172 Tex.Cr.R. 626, 354 S.W.2d 586."

Lehman v. State, supra, in turn cites Williams v. State, 147 Tex.Cr.R. 178, 179 S.W.2d 297, which stated the rule for showing injury in such cases as requiring a showing:

". . . that the accused was forced to accept an objectionable juror because of being caused to exercise a peremptory challenge to stand aside one who should have been challenged for cause."

■ The rule of *Cook* and *Williams*, then, is clearly addressed to questions sought to demonstrate that a prospective juror is subject to challenge for cause. It would be absurd to require a showing that the venireman is subject to challenge for cause as a predicate for error in denying inquiry for the intelligent exercise of peremptory challenges! Furthermore, as stated in Mathis v. State, supra, "it is immaterial how the jurors would have answered the question, for, whatever their answers, the appellant was entitled to know the an-

2. We are talking of latitude, not of duration. See my concurring opinion in Hernandez v. State, supra.

swers in order to enable him to exercise his peremptory challenges." The rule of *Cook* and *Williams,* therefore, should not be confused with that applied in Grizzell v. State, supra, and appropriate where a question is sought for the purpose of intelligently exercising peremptory challenges.

■ Applying the rule of Grizzell to the facts of the case before us, was appellant injured by the court's refusal to permit him to ask the question sought? The record before us shows only that portion of the voir dire of the jury panel in which the question is asked, objection made, and the asking of the question denied. The whole of the examination is not before us; so we are unable to ascertain whether the questions refused were anything more than a restatement of what was actually asked. We are therefore unable to ascertain whether the appellant was injured by the action of the trial court complained of. The first ground of error is overruled.

■ In his second ground of error, appellant contends that the complaint and information failed to charge the commission of an offense in that it alleged that appellant did "sell" rather than "distribute" the matter in question.

Article 527, Sec. 3, Vernon's Ann.P.C., creates the following offense:

"Every person who knowingly: . . . prepares for distribution, publishes, prints, exhibits, distributes, or offers to distribute, . . . any obscene matter is guilty of a misdemeanor."

Article 527, Sec. 1(E), V.A.P.C., reads:
" 'Distribute' means to transfer possession of, whether with or without consideration."

The complaint and information, omitting the formal allegations, charged that appellant "did unlawfully and did knowingly sell to R. D. Rodgers an obscene magazine, to-wit: . . . ." Clearly an offense was charged. Ground two is overruled.

■ In his final ground of error, appellant challenges the constitutionality of Article 527, V.A.P.C., contending that it does not specifically define the conduct, the depiction of which is prohibited.

In Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419, 430 (1973), the Court said:

"[W]e now confine the permissible scope of such [statutory] regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or *authoritatively construed.*" (Emphasis added.)

The judgment of this Court supported by the opinion in West v. State, 489 S.W.2d 597 (Tex.Cr.App.1972), was vacated by the Supreme Court for further consideration in the light of Miller v. California, supra, and the other series of cases handed down upon the same day. West v. Texas, 414 U.S. 961, 94 S.Ct. 268, 38 L.Ed.2d 209 (1973).

Upon remand, we stated the authoritative construction of Article 527 in West v. State, 514 S.W.2d 433 (Tex.Cr.App.1974), and upheld the validity thereof. Ground three is overruled. West v. State, supra.

Finding no error in the proceedings, the judgment of the trial court is affirmed.