William S. PARRISH, Appellant,

v.

The STATE of Texas, Appellee.

No. 49725.

Court of Criminal Appeals of Texas.

April 23, 1975.

J. Mack Ausburn, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, John William Harris, Jr. and Michael

P. Hodge, Asst. Dist. Attys. San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of knowingly distributing obscene matter, to-wit, an obscene magazine. Punishment, assessed by the court, is a fine of two hundred fifty dollars.

The record reflects that at about 9:00 P. M., October 15, 1971, vice squad Officer Moore entered a book and magazine store in San Antonio being operated at the time by appellant and purchased from appellant a magazine "FOR ADULTS ONLY," paying appellant $3.50 therefor. After looking at the magazine, the officer arrested appellant for the offense of sale of an obscene magazine. See Article 527, Vernon's Ann.P.C.

Appellant in his first two grounds of error contends that the court erred in overruling his motions to dismiss and to give an instructed verdict. He argues (1) that as a matter of law the magazine is not obscene, and (2) that the evidence is insufficient to show that the magazine is obscene.

■ The magazine, which was admitted in evidence, was found by the jury to be obscene. It is our duty on appeal to examine the magazine and, applying the tests for obscenity established by the Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and the authorities therein cited, and West v. State, Tex.Cr.App., 514 S.W.2d 433 (1974) and the authorities cited, determine whether the magazine is constitutionally obscene. See West v. State, supra; Burkett v. State, Tex.Cr.App., 516 S.W.2d 147; Buchanan v. State, Tex.Cr.App., 506 S.W. 2d 236; Bryers v. State, Tex.Cr.App., 480 S.W.2d 712.

Although in "For Adults Only" the pictures, some in color, some black and white, fall short of showing actual penetration in acts of sexual intercourse and sodomy, they do portray a variety of sexual fetishes, such as men and women engaged in sexual activity which constitutes graphic and explicit sexual contact. In addition to the pictures, the magazine contains textual material and stories whose principal purpose seems to be to serve as a vehicle connecting graphically detailed descriptions of sexual acts and perversions with the pictures. An example is the lead story entitled "Student Teaching Aid" involving a sex orgy between two high school girls and their male teacher in the home of one of the girls. Pictures on several pages illustrate the story of the sexual acts between the teacher and the girls. Although there is no picture showing actual penetration of the male organ into the female organ, there are a number of pictures of the girls titallating his penis with their hands and breasts, which, along with other pictures, lead up to and illustrate the last pargraph of the story, reading:

"He shoved it into a hardly reluctant Twinki first. Rode her. Rammed his rampant rod in an out of her funky hole. Alice tickled his testicles as he gave Twinki a course in Night School."

Other pictures on subsequent pages reflect simulated acts of intercourse in a bathtub, and depicts lesbianism between two soaped-up nude females, and masturbation by equally soaped-up women. Other photos illustrate the use of mechanical aids to masturbation by women.

■ We find that the magazine "For Adults Only" meets all of the tests of obscenity set forth in West v. State, supra. We agree with the jury's verdict that it is obscene. Cf. Thacker v. State, Tex.Cr. App., 490 S.W.2d 854; Hunt v. State, Tex. Cr.App., 475 S.W.2d 935.

■ The introduction in evidence of the magazine is sufficient evidence for a de-

termination of obscenity. Soto v. State, Tex.Cr.App., 513 S.W.2d 931, and authorities cited. However, the State also used an "expert witness" on obscenity, who testified in some detail on that subject without objection.

Appellant's first two grounds of error are overruled.

Appellant next contends that his motion for an instructed verdict should have been granted because the undisputed evidence shows that distribution of the magazine "was surrounded by notice to the public of the nature of the material and with reasonable protection against exposure to juveniles."

In Bryers v. State, Tex.Cr.App., 480 S.W.2d 712, on p. 716, we discussed Redrup v. New York, 386 U.S. 767, 87 S. Ct. 1414, 18 L.Ed.2d 515, relied on by appellant, and United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813, and stated that obscenity need not involve *"dissemination to unconsenting adults or children* in order for it to be proscribed and constitutionally suppressed." (Emphasis added) See also Soto v. State, Tex.Cr. App., 513 S.W.2d 931, 934.

The third ground of error is without merit, and is overruled.

Appellant next complains that there is no evidence that he knew the nature and contents of the magazine, and no evidence to show knowledge that he was distributing obscene matter.

Art. 527, Sec. 1(F), V.A.P.C., in effect at the time of the offense, read:

" 'Knowingly' means having actual or constructive knowledge of the subject matter. A person shall be deemed to have constructive knowledge of the contents if he has knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material."

The record reflects that at the time of the sale to Officer Moore appellant was the only person working in the store. Moore testified that all of the magazines on display were of a nature similar to "For Adults Only." The cover picture was a nude man and woman in tender embrace, and bore the notice "Warning—The material which is shown in this periodical deals frankly and explicitly with sexual matters. If you will be in the least offended, do not view or purchase this magazine." The store itself had a sign on the front limiting entrance to people 18 years or older, stating if you are offended by the naked body do not enter, and the windows were painted to obstruct vision into the store.

After Moore purchased the magazine from appellant, he went outside to consult with his partner. Both, after looking at the pictures and the reading matter, entered the store and arrested appellant. During his few minutes, absence, Moore noticed that all copies of "For Adults Only" had been moved from the racks on which they had been to the display case by the cash register.

In Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, the Supreme Court stated that "Eyewitness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of its contents. The circumstances may warrant the inference that he was aware of what a book contained, despite his denial." See also Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed. 2d 56 (1966).

We find that the evidence supports the verdict of the jury that appellant knowingly distributed obscene matter.

The fourth ground of error is overruled.

In his fifth ground, appellant complains of error in failing to grant his supplemental motion to dismiss and his motion to suppress evidence because he was subjected to a warrantless arrest without a prior adversary hearing.

**852**

Section 9 of Article 527, V.A.P.C., providing for the issuance of a search warrant on filing of an affidavit and a hearing before a magistrate, is not applicable to the facts of the instant case. Officer Moore, legally in the store as a customer, purchased the magazine for $3.50, and appellant sold it to him. Subsection (j) of Section 9 provides "procedures under this section for the seizure of allegedly obscene matter shall be cumulative of all other lawful means of obtaining evidence as provided by the laws of this State. Nothing contained in this section shall prevent the obtaining of alleged obscene matter by purchase or under injunction proceedings as authorized by this Act or by any other statute of the State of Texas."

The magazine was obtained lawfully and was properly admitted in evidence. See Bryers v. State, supra; Lee v. State, Tex.Cr.App., 516 S.W.2d 151; West v. State, supra; Soto v. State, supra.

Appellant next complains that the court erred in charging on local community standards rather than on national standards of obscenity. The complaint is without merit. See Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419; West v. State, supra.

In his seventh ground, appellant contends error in another phase of the charge. The record contains no written objection to the alleged erroneous instructions, and no error is presented. Taylor v. State, Tex.Cr.App., 491 S.W.2d 922.

Finally, appellant says that Article 527, V.A.P.C., as applied here, is unconstitutional. The constitutionality of this statute has been frequently upheld by this Court, and is no longer an open issue. See West v. State, supra, and authorities cited. Soto v. State, supra; Bryers v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.