**William Charles EVERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53975.**

Court of Criminal Appeals of Texas.

Panel No. 2.

Feb. 15, 1978.

Rehearing En Banc Denied
March 22, 1978.

Malcolm Dade and Richard Alan Anderson, Dallas, for appellant.

Tim C. Curry, Criminal Dist. Atty., Marvin Collins, Paul E. Gartner, Jr., and Asst. Dist. Attys., Fort Worth, for the State.

## OPINION

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

DOUGLAS, Judge.

William C. Evert appeals from his conviction for the offense of commercial obscenity. Punishment was assessed by the jury at three months in jail and a $1,000 fine. The sufficiency of the evidence is not challenged.

Thirteen grounds of error are set forth in appellant's brief. In light of our disposition of the appeal, discussion will be confined to ground of error number three wherein appellant alleges that the court erred in failing to excuse potential juror Holcomb for cause. Appellant contends that he (1) was compelled to exercise a peremptory challenge to this juror, (2) that he exhausted all of his peremptory challenges, and (3) was thereby forced to accept another objectionable juror.

On voir dire examination by the State Holcomb indicated that she had no problem with the law of obscenity as it had been explained to the prospective jurors and that she could think of no reason why she could not be a fair and impartial juror. She later retreated substantially from this position. When questioned by appellant's counsel concerning the type of movies and books she found acceptable, she stated that in her opinion the motion picture "Cabaret" was obscene because it suggested that the characters had engaged in pre-marital sexual relations. She held this opinion despite the fact that the film contained no nudity or explicit sexual activity. Upon further questioning, juror Holcomb stated unequivocally that mere frontal nudity was obscene to her, in and of itself. When asked if she could disregard her personal beliefs and consider the evidence in light of community standards of obscenity, juror Holcomb indicated that she could not and stated that she would be compelled to find mere nudity on film obscene.

Article 35.16(c)(2), V.A.C.C.P., provides:

"(c) A challenge for cause may be made by the defense for any of the following reasons:

" * * *

"2. That he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof."

The responses elicited from potential juror Holcomb on voir dire show that she harbored a bias or prejudice against the law applicable to appellant's case in two respects. First, she expressed the firm conviction that mere nudity is obscene. This Court has held that it is not. *Thacker v. State*, 490 S.W.2d 854 (Tex.Cr.App.1973); *Hunt v. State*, 475 S.W.2d 935 (Tex.Cr.App. 1972), citing *Bloss v. Dykema*, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970), and *Central Magazine Sales, Ltd. v. United*

*States*, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967).

■ Second, juror Holcomb indicated that if confronted by mere nudity on film she would be compelled to find it obscene in accord with her personal standards, regardless of whether such a film offended contemporary community standards. V.T.C.A., Penal Code, Section 43.21(1)(B), provides that it is the contemporary community standard and not one's personal standard that shall be applied in determining whether any given material is obscene. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

The State contends that juror Holcomb was rehabilitated in a later dialogue with appellant's counsel:

"MR. DADE: And you apply not your standards, but the community standards in trying to decide whether this material is or is not obscene. Do you understand that?

"MRS. HOLCOMB: Yes, I understand that.

"MR. DADE: In other words you will disregard the fact, if I understand you, that nudity in and of itself offends you and will try to reach out and *decide how bad or how good the rest of the community is*? (Emphasis supplied)

"MRS. HOLCOMB: Yes, I will try."

The State urges that when viewed as a whole the voir dire of Mrs. Holcomb shows her to have been qualified.

■ We agree with the State that voir dire should be viewed in its entirety. In doing so, however, we observe that juror Holcomb did not state that she would abide by contemporary community standards in reviewing the evidence. She merely stated that she would *try* to ascertain *what* the community standard was. She did not assure appellant that, having assessed the contemporary community standard, she would apply that standard. Her answer must also be viewed in comparison to her earlier emphatic statement that she could not set aside her personal tastes and would be compelled to find mere nudity obscene. Taken as a whole, we conclude that juror Holcomb was not sufficiently rehabilitated and that her answers on voir dire showed her to be prejudiced against the law applicable to appellant's case. As such, she was subject to challenge for cause. *Vera v. State*, 547 S.W.2d 283 (Tex.Cr.App.1977); *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App. 1974); *Reeves v. State*, 491 S.W.2d 157 (Tex.Cr.App.1973).

The record reflects that appellant requested that Holcomb be excused for cause and that this request was denied. Appellant was required to exercise a peremptory challenge in order to strike her and was forced to accept another objectionable juror as a result. Appellant exhausted all of her peremptory challenges and was denied an additional strike. Under these circumstances the conviction must be set aside. *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App. 1975); *Burkett v. State*, 516 S.W.2d 147 (Tex.Cr.App.1974); *Powers v. State*, 497 S.W.2d 594 (Tex.Cr.App.1973).

The judgment is reversed and the cause is remanded.[1]

---

1. A question is raised concerning argument of the prosecutor that defense counsel was calling the jurors and people of Tarrant County hypocrites. Another question is raised concerning the following argument:

"If that weren't true [that if the jury found the film not to be obscene it could be shown anywhere in Tarrant County] the court would not let me stand up here and tell you that."

These or like arguments are not likely to be made in the event of another trial.