Angela Louise **GREENLEE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–01320–CR.

Court of Appeals of Texas, Dallas.

March 24, 1983.

Discretionary Review Refused July 6, 1983.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and SPARLING and ALLEN, JJ.

ALLEN, Justice.

This appeal is from a conviction of the offense of obscenity. The case was tried before the court on a plea of not guilty. Punishment was assessed by the court at sixty (60) days in jail and a fine of $1000. Appellant asserts two grounds of error. We affirm.

In her first ground of error appellant contends that the trial court erred in overruling her first amended motion to quash the information in this cause. The information alleges in pertinent part that on April 17, 1981 appellant did:

> then and there knowing its content and character, knowingly and intentionally participate in an obscene performance that the average person would find, taken as a whole and applying contemporary community standards, patently offensive in that it appeals to a prurient interest in sex, to-wit: the defendant did, on the stated offense date, at 3211 W. Northwest Hwy., Dallas, Texas, participate in a dance performance during which she took off her clothing, spread her legs apart, and exposed her genitals to an audience, and which performance lacked serious literary, artistic, political and scientific value, and the defendant did know the content thereof to be obscene ....

In her amended motion to quash appellant complained that the information was insufficient to give her notice of the precise nature of the accusation against her and failed to charge an offense under the law.

The information alleged an offense under Tex.Penal Code Ann. § 43.23(c)(2) (Vernon Supp.1982–1983):

> (c) A person commits an offense if, knowing its content and character, he:
>
> (2) produces, presents, or directs an obscene *performance or participates in a portion* thereof that is obscene or that contributes to its obscenity. [emphasis added]

Obscenity is defined in Tex.Penal Code Ann. § 43.21(a)(1) (Vernon Supp.1982–1983):

> (1) "Obscene" means material or a performance that:
>
> (A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;
>
> (B) depicts or describes:
>
> (i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

(ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value.

A dance is considered a performance under Tex.Penal Code Ann. § 43.21(a)(3) (Vernon Supp.1982–1983). Appellant concedes that subsections (A) and (C) "appear to be alleged in the information," but contends that exposure of the genitals as alleged in the information could conceivably be an element in several different acts listed in section 43.21(a)(1)(B)(i) or (ii). We disagree.

Exhibition or exposure of the genitals is only mentioned in two of the acts listed in section 43.21(a)(1)(B): "lewd exhibition of the genitals" and "the male or female genitals in a state of sexual stimulation or arousal." The allegations in the information in this cause described the manner in which appellant exhibited her genitals. The conduct of appellant alleged in the information was sufficient to describe a "lewd exhibition of the genitals." However, nowhere in the information is it alleged that appellant's genitals were in a state of sexual stimulation or arousal. The only act described by the information was a lewd exhibition of the genitals. The information alleges the exact manner or means appellant committed an offense under section 43.23(c)(2) as required by authorities such as *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981). The information does not lend itself to the uncertainty appellant suggests.

Tex.Code Crim.Proc.Ann. art. 21.17 (Vernon 1966) does not require that an indictment be in the exact language of the statute but rather "it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." The information in the instant case does not use the exact language of the statute, "lewd exhibition of the genitals," but does allege that appellant danced, "took off her clothing, spread her legs apart, and exposed her genitals to an audience." We perceive no material difference between the two allegations. A reasonable reading of the entire information is that appellant engaged in a lewd exhibition of her genitals. *See Church v. State,* 552 S.W.2d 138, 140 (Tex.Cr.App.1977). We overrule appellant's first ground of error.

In her second ground of error appellant contends that the evidence was insufficient to sustain the verdict. Basically, appellant asserts that the evidence showed that appellant merely danced in the nude and did not engage in any act expressly proscribed by section 43.23. We disagree.

Officer R.W. Jones testified that appellant 1) danced totally nude in front of an audience; 2) squatted on the stage in such a manner that her genitals, including the inside of her vagina, were visible to the audience; 3) bent over and exposed her anus to the audience; and 4) danced on different parts of the stage so that the entire audience could see her genitals and anus. Officer Jones also testified that one male from the audience placed a dollar bill on appellant's vagina. Appellant testified that she did not squat with her legs apart, bend over and expose her anus, or allow a man to touch her vagina with a dollar bill.

In the instant case, the trial court was the trier of fact. The court was entitled to "accept or reject any part or all of the testimony given by State or defensive witnesses." *Minx v. State,* 615 S.W.2d 748, 749 (Tex.Cr.App.1981). The trial court heard the evidence and made the determination that appellant's performance was obscene within the meaning of section 43.21(a)(1). We hold that the evidence was sufficient to sustain the judgment of the trial court.

Appellant relies on *Hunt v. State,* 475 S.W.2d 935 (Tex.Cr.App.1972) to mandate reversal in this cause. In *Hunt,* the Court of Criminal Appeals held that photographs of young females with their genital areas

exposed were not obscene. Appellant's reliance on *Hunt* is misplaced. Our facts go far beyond those of *Hunt*. *Hunt* involved nude pictures of women in several magazines. Here, appellant's performance went beyond mere nudity. This case involves a live performance during which appellant exhibited her genitals in such a manner that the inside of her vagina was visible to the audience, bent over and exposed her anus, and allowed a customer to place a dollar bill on her vagina. The evidence was sufficient for the trial court to determine that appellant's actions unduly emphasized her genitals in such a manner that her performance amounted to a "lewd exhibition of the genitals" and was obscene within the meaning of section 43.21(a)(1). We overrule appellant's second ground of error. The judgment is affirmed.