

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1398-11

**DAVID TODD BURKE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## JEFFERSON COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., concurred. WOMACK, J., dissented.

### O P I N I O N

Appellant was a police officer in Jefferson County. He was indicted for the offense of official oppression, a class A misdemeanor, and the judge moved the case to Bexar County *sua sponte.* A jury convicted appellant of the charged offense,[1] and the trial court assessed his punishment at 90 days in jail, probated for one year, and a $350 fine. Appellant appealed, *inter alia*,

---

[1] A previous trial ended in a hung jury. II R.R. at 9.

the trial court's denial of appellant's challenge for cause of a prospective juror after that juror indicated that his past experience with law enforcement would make it difficult for him to be fair and impartial. The Ninth Court of Appeals rejected this claim, finding that the juror's earlier statement that he could follow the law as given to him qualified him as a vacillating juror and that the reviewing court must therefore defer to the trial court. "Because the trial court . . . could reasonably conclude that prospective juror one's declaration did not clearly evince a bias against the law, the trial court was entitled to conclude that prospective juror one could actually follow its instructions . . .."[2]

This Court granted appellant's sole ground on petition for discretionary review, claiming that "The Court of Appeals erred in holding that the trial court did not err in denying Appellant's challenge for cause to prospective juror Yoast after his responses left no room for doubt that he could not be a fair and impartial juror given his past experience with law enforcement." We reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial.

**Voir Dire**

During voir dire, the state began a conversation with Yoast, prospective juror number one, concerning his friendship with a San Antonio police officer. It soon moved into whether Yoast could properly serve on the jury. Yoast informed the prosecuting attorney that, because of past encounters with law enforcement, during which he believes that the police officers used excessive force, he did not think that he could be impartial.

[State]: Are any of you friends with police officers?

---

[2] *Burke v. State*, 2011 Tex. App. LEXIS 6983, *6 (Tex. App.—Beaumont August 24, 2011, pet. granted) (mem. op., not designated for publication).

(Response)

[State]: Okay. That's more significant. No. 1, Mr. Yoast?

[Yoast]: (Nodding head up and down)

[State]: What–a police officer here in San Antonio?

[Yoast]: Yes, sir, San Antonio.

[State]: You think–

[Yoast]: The guy, I guess, at the gang unit, I used to play softball with him for quite a few years. He's a pretty good friend of mine.

[State]: Do you think that would affect your ability to be a fair and impartial juror?

[Yoast]: (Nodding head up and down)

[State]: You think it would affect your ability?

[Yoast]: Absolutely.

[State]: Do you not want to be on this jury?

[Yoast]: No, sir.

[State]: You think that you would be bias [sic] in favor of Mr.–of Mr. Burke who is a Beaumont police officer?

[Yoast]: No. I think it would be different because I have–in my younger days, I had my fair share of run-ins with the law. I had my fair share of, you know, a couple of times where a cop seems like they–little bit more bully-ish than they should have been.

[State]: You think you might be in favor more of our side of the case?

[Yoast]: I think–I don't think I can be impartial.[3]

The state then ended its questioning of Yoast. During defense counsel's questioning, counsel asked a question about the juror's oath to follow the law of Yoast and two other prospective jurors

---

[3] II R.R. at 32.

who "have stated that it would be difficult for you to make a decision in this case, correct, because of your relationship to police officers?"[4]  "So, my question is: If you take that oath to follow the law, will you follow it?  Can you follow it, and can you–can you do what you swear that you will do, and that is make a decision based upon the facts as you hear them and the law as the Judge gives you?"[5]  All three indicated that they could.  There was no further inquiry of Yoast by either side about his ability to follow a juror's oath.

Later in voir dire, defense counsel posed another question to the venire; "Have any of you ever been involved in an altercation with a police officer where you've struggled with him or resisted or felt like you were being mistreated by the police officer?"[6]  Once again, Yoast raised his hand.  While the venire was on a break, the trial judge called Yoast to the bench for additional questioning "about some dealings you had with police officers."[7]  Defense counsel asked Yoast to describe his run-in with law enforcement that he indicated might affect his ability to be impartial.  Yoast described an incident–back in his younger days–when he went on a beer run.  Just as he was leaving with the beer, a police officer came by.  Yoast ran, the officer pursued and caught him.  Yoast described the officer as "a pretty good size" and himself as being "only about 4 foot, 8."[8]  He stated that the officer was inappropriately rough; he slammed Yoast's face into a wood fence and unnecessarily twisted Yoast's arm when he handcuffed him.  Yoast agreed with defense counsel that

---

[4]  II R.R. at 65.

[5]  *Id*. at 65-66.

[6]  *Id*. at 72.

[7]  *Id*. at 79.

[8]  *Id*. at 80.

he felt that the officer had used excessive force.

[Defense Counsel]: Ok. What happened to you, in your opinion keep you from being a fair and impartial juror in this case or following the oath that you would take and make your decision based upon the evidence?

[Yoast]: It would be–I think it would be difficult to be fair. I mean, even with the oath, you know, I think it–just I think maybe subconsciously it would bring back–you know, even though it–so, I wouldn't want to be–

[Defense Counsel]: You don't think you could be fair and impartial in this case and give Officer Burke–the same kind of case you were involved in–

[Yoast]: Right.

[Defense Counsel]: –and have personal experience. You don't think you could give him a fair shake?

[Yoast]: I don't, sir. No.[9]

After that exchange, defense counsel ended his questioning of Yoast, and the state asked no questions of him. Appellant challenged Yoast for cause based upon his bias against police officers. The trial court denied this challenge, and appellant objected. Appellant exhausted all of his peremptory strikes and requested an additional peremptory strike to remove venire member number five, whom he also found objectionable. The trial court denied this request.

**Standard of Review**

The Texas Code of Criminal Procedure provides that the defense may challenge a prospective juror for cause if the juror has "bias or prejudice in favor of or against the defendant,"[10] or "a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as

---

[9] *Id.* at 81-82.

[10] TEX. CODE CRIM. PROC. art. 35.16 (a)(9).

a mitigation thereof or of the punishment therefor."[11] The test of whether the juror should or should not be dismissed is whether the bias or prejudice would impair his ability to carry out his oath and instructions in accordance with the law.[12] Before the prospective juror may be excused for cause, the law must be explained to him, and the proponent of the challenge must show that the venire member understood the law and could not overcome his prejudice well enough to follow it.[13]

To preserve error alleged to arise from a trial court's erroneous denial of a challenge for cause, appellant must show that: 1) he asserted a clear and specific challenge for cause, which was denied; 2) he used a peremptory strike on the complained of venire member; 3) he used all of his peremptory strikes; 4) his request for additional peremptory strikes was denied; and 5) an objectionable juror sat on the jury panel.[14] When the trial judge errs in overruling a challenge for cause, the defendant is harmed if he must use one of his peremptory strikes to remove the objectionable venire member and thus loses a peremptory strike to use against another objectionable juror.[15] Appellant challenged Yoast for cause, but his challenge was denied. He then used a peremptory strike to remove Yoast. The trial judge denied his request for an additional strike, and counsel then identified prospective juror number five, who sat on the panel, as an objectionable juror. Appellant has preserved the alleged error for review, and we now consider if there was error

---

[11] TEX. CODE CRIM. PROC. art. 35.16 (c)(2).

[12] *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).

[13] *Gardner*, 306 S.W.3d at 295; *Feldman,* at 747.

[14] *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010) (citing *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996)).

[15] *Davis*, 329 S.W.3d at 807; *Feldman*, at 744.

and, if so, whether he was harmed by any such error.

To demonstrate harm, appellant must show that the trial court erroneously denied one challenge for cause.[16]  We view the voir dire of a prospective juror in its entirety to see if there is sufficient evidence to support the court's ruling.[17]  A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion.[18]  In reviewing a trial court's ruling on a challenge for cause, we afford the trial court great deference because the trial judge is present to observe the demeanor, tone of voice, and other intangibles unavailable to the reviewing court in a cold record.[19]  When a prospective juror's answers are vacillating or contradictory, we give particular deference to the trial judge.[20]

## Analysis

The court of appeals found that, "prospective juror one's responses at the bench could be interpreted to infer that he would be unable to follow his oath; however, he was not directly asked while at the bench whether he would be unable to follow the instruction the court ultimately gave to the jury . . . ."[21]  Here, Yoast was clearly advised that his oath as a juror required him to base his verdict on the evidence and set aside any personal biases.  Defense counsel explained to him and two other prospective jurors that "the law states that if you are on a jury, you take an oath; and you take

---

[16] *Davis*, at 807.

[17] *Feldman*, at 744; *Evert v. State*, 561 S.W.2d 489, 491 (Tex. Crim. App. 1978).

[18] *Gardner*, at 295-296 (citing *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)).

[19] *Gardner*, at 295-296; *Feldman*, at 744.

[20] *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).

[21] *Burke*, 2011 Tex. App. LEXIS at *5-6.

an oath to render a verdict based upon the evidence and the law that the Judge gives you."[22] Defense counsel then asked "If you take the oath to follow the law, . . . can you do what you swear that you will do, and that is make a decision based upon the facts as you hear them and the law as the Judge gives you?"[23] Yoast was clearly instructed about the law in his potential role as juror. While Yoast responded with the others that he could, every other question from the state and the defense was answered with a statement that he could not be fair and impartial in this case. In response to defense counsel's inquiry into the source of his antipathy, Yoast described an incident in which he felt that the officer had used more force than was necessary or appropriate.[24] Yoast's last statement during his voir dire was unequivocal; he could not be fair and impartial.

In *Williams*,[25] defense counsel challenged a venire member for cause after the venire member stated that he was prejudiced against the defendant as a result of past dealings with the defendant and that the venire member's deliberations as a juror would be affected by that bias. Later, the venire member stated that he could disregard his past associations with the defendant and base his verdict upon the evidence presented. The trial court denied the challenge for cause. This Court found an abuse of discretion because the juror had clearly stated a bias and prejudice towards the defendant, finding that "[w]hile a trial court may hold a juror qualified who states that he can lay aside any opinion which he may have formed, no such discretion vests in the court with reference to a juror

---

[22] II R.R. at 65.

[23] *Id.* at 65-66.

[24] *Id.* at 81-82.

[25] *Williams v. State*, 565 S.W.2d 63, 64 (Tex. Crim. App. 1978).

with bias or prejudice towards an accused."[26]  When a juror unequivocally states that he cannot be fair and impartial, bias is established, and granting a challenge for cause of the juror is correct.[27]

Yoast gave a single contradictory statement in response to questioning about his ability to be impartial.  Every other response indicated that he could not give appellant a "fair shake."  While we must give the trial court's ruling "particular deference,"[28] this deference is not absolute.[29]  We review Yoast's answers in light of his entire testimony,[30] including his initial and later statements that he could not be fair and impartial.[31]  Yoast indicated that his negative feelings arose from a personal encounter with a police officer that was similar to the incident for which appellant was being tried and during which he felt that a police officer used excessive force against him.

We find that Yoast's testimony, taken as a whole, established that his prejudice toward police officers would not allow him to follow the juror's oath and deliver a verdict that was based only on the evidence presented to the jury at trial.  We note that, after confirming for a second time that he could not be impartial or give appellant a "fair shake," the state did not attempt to rehabilitate

---

[26] *Id.*

[27] *See Sosa v. State*, 769 S.W.2d 909, 918 (Tex. Crim. App. 1989) (prospective juror's indication that she could not be fair and impartial because of family problems was sufficient to support state's challenge for cause); *see also Vaughn v. State*, 833 S.W2d 180, 185 (Tex.App.—Dallas, 1992) (when juror stated unequivocally that she could not be fair and impartial, bias was established as a matter of law).

[28] *Feldman*, at 744 (citing *King*, 29 S.W.3d at 568).

[29] *See Smith v. State,* 297 S.W.3d 260, 268 (Tex. Crim. App. 2009) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) ("appellate courts afford 'almost total deference' to the trial court's resolution of issues that turn on an evaluation of credibility and demeanor.")).

[30] *Evert*, 561 S.W.2d at 490.

[31] *See Cortez v. State*, 2011 Tex. Crim. App. unpub. LEXIS 647, *83  (Tex. Crim. App. September 14, 2011) (not designated for publication) (Womack, J., concurring in part and dissenting in part) ("If we give ourselves the discretion to wave away disqualifying voir dire answers . . . the great discretion we give to trial court voir dire rulings becomes unfettered discretion.").

Yoast. Nor did the state ask Yoast a single question about his potential prejudice after the state's initial questioning established that Yoast could not be fair or impartial. Once Yoast informed the court that he could not be fair and impartial and, especially after confirming that position while at the bench, it became the state's duty to rehabilitate Yoast if it desired to retain him as a prospective juror.[32] It did not do so, and we are left with Yoast's statement that he could not give appellant a "fair shake."

From this record, it is clear that Yoast understood the law requiring him to decide the case based on the evidence presented to the jury. It is equally clear that he had a prejudice against police officers and could not overcome it well enough to follow his oath as a juror. The trial court erred in denying appellant's challenge for cause. Because the erroneous denial caused him to use a peremptory strike on Yoast and the trial judge refused to give him an additional strike, he was unable to strike an objectionable prospective juror who served on the jury, and he thus was harmed.

**Conclusion**

As we held in *Johnson*, "A defendant has a right to *not* have a particular venire member on the jury *if* the venire member is challengeable for cause or the defendant exercises one of his peremptory challenges."[33] We have said in the past that our concern is focused on who serves on the jury, not who does not. *See id.* at 6; *Jones v. State*, 982 S.W.2d 386, 393 (Tex. Crim. App. 1998) (". . . a defendant has no right that any particular individual serve on the jury. The defendant's only

---

[32] *Post v. State*, 936 S.W.2d 343, 347 (Tex. App.—Fort Worth 1996) (overruled on other grounds); *see also Cortez*, at *83-84 (Womack, J. concurring in part, dissenting in part) ("Perhaps if the State or the trial court had taken the opportunity, after the defense's questioning ended, to ask her about these statements, we would have enough information in the record to determine whether Forsyth was confused when answering the defense's questions. But they did not, and we are left with Forsyth's unambiguous statement that she would place a burden of proof on the defendant.").

[33] *Johnson v. State*, 43 S.W.3d 1, 6-7 (Tex. Crim. App. 2001).

substantial right is that the jurors who serve be qualified. The defendant's rights go to those who serve, not to those who are excused."). As defense counsel noted when stating his challenges for cause, "We've got plenty of jurors."[34] And the state joked with the venire that six jurors, plus a total of ten strikes, meant that everyone with a number higher than 16 "may be off the hook."[35] Appellant's challenge for cause was improperly denied, and he was forced to use one of his peremptory strikes to remove Yoast. Appellant has shown that he was harmed by the trial court's erroneous denial of appellant's challenge for cause: he was forced to use a peremptory strike to remove Yoast; he exhausted his peremptory strikes; he was denied additional peremptory strikes; and he identified an objectionable venire member who sat on the jury and on whom appellant would have exercised the additional peremptory strike he requested but was denied. Appellant is entitled to a new trial.

The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for a new trial.

Delivered: June 27, 2012
Do not publish

---

[34] II R.R. at 92.

[35] *Id*. at 31.